**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., | ) ) ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | [Original case pending in the United |
| v. | ) | States District Court for the District of |
| | ) | Delaware, Civ. Action No. 1:17-cv- |
| SIRIUS XM RADIO INC., | ) | 00184] |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA TO NON-PARTY MY-CHAU NGUYEN AND FOR A PROTECTIVE ORDER**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................ 1

    A.    Background of the Delaware Action.......................................................................1

    B.    Background of the Dispute Regarding Ms. Nguyen's Subpoena ...........................3

          1.    Fraunhofer Subpoenaed Ms. Nguyen After Sirius XM Replaced Her on Its Initial Disclosures with a Witness with Duplicative Knowledge ................. 4

          2.    For Months, Fraunhofer Refused To Meet And Confer In Good Faith Regarding Its Subpoena Of Ms. Nguyen ...................................................... 6

          3.    Fraunhofer Did Not Attempt to Meet and Confer Regarding Ms. Nguyen's Subpoena Until After the Delaware Court Denied Its Motion to Compel... 12

          4.    Fraunhofer Has Had Ample Opportunity To Obtain Marketing-Related Discovery From Sirius XM ......................................................................... 14

ARGUMENT ....................................................................................................................... 16

    A.    A Deposition of Non-Party Ms. Nguyen is Duplicative, Unnecessary and Unreasonably Burdensome .................................................................................17

    B.    Fraunhofer's Bad Faith Litigation Tactics Should Not Be Rewarded by Allowing Ms. Nguyen's Deposition .....................................................................19

    C.    This Motion is Timely .........................................................................................21

CONCLUSION.................................................................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Forderung der Angewandten Forschung E. V. v. Sirius XM Radio Inc.*,
    940 F.3d 1372 (Fed. Cir. 2019)................................................................................2

*In re Motion to Compel Compliance with Subpoena*,
    257 F.R.D. 12 (D.D.C. 2009)...............................................................................17

*Nidec Corp. v. Victor Co. of Japan*,
    249 F.R.D. 575 (N.D. Cal. 2007)..........................................................................18

*Phillips & Cohen, LLP v. Thorpe*,
    300 F.R.D. 16 (D.D.C. 2013)..........................................................................16, 17

*Sourgoutsis v. U.S. Capitol Police*,
    323 F.R.D. 100 (D.D.C. 2017)..............................................................................19

*Watts v. S.E.C.*,
    482 F.3d 501 (D.C. Cir. 2007)...............................................................................17

*Wyoming v. U.S. Dept. of Agriculture*,
    208 F.R.D. 449 (D.D.C. 2002)..............................................................................18

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................2

*Fed. R. Civ. P. 26(a)(1)............................................................................................4

*Fed. R. Civ. P. 26(b)..............................................................................................16

*Fed. R. Civ. P. 26(b)(2)(C)......................................................................................19

*Fed. R. Civ. P. 26(c)................................................................................................1

*Fed. R. Civ. P. 26(c)(1)..........................................................................................16

Fed. R. Civ. P. 30(b)(1).............................................................................................4

Fed. R. Civ. P. 30(b)(6)...........................................................................1, 14, 15, 17

*Fed. R. Civ. P. 45(d)(3)...........................................................................................1

*Fed. R. Civ. P. 45(d)(3)(A)(iv)...............................................................................16

Fed. R. Civ. P. 37(A)(2)................................................................................................................12

*Fed. R. Civ. P. 45 ....................................................................................................12, 16, 17, 23

## INTRODUCTION

Non-party My-Chau Nguyen, a resident of Washington D.C., respectfully moves pursuant to Federal Rule of Civil Procedure 45(c)(3) to quash the deposition subpoena issued by Plaintiff Fraunhofer Gesellschaft Zur Förderung der angewandten Forschung e.V. ("Fraunhofer") in the lawsuit pending in the United States District Court for the District of Delaware, captioned *Fraunhofer-Gesellschaft zur Forderung der Angewandten Forschung E. V. v. Sirius XM Radio Inc.*, , Civ. Action No. 1:17-cv-00184 (the "Delaware Action"), and for entry of a protective order pursuant to Rule 26(c) preventing such deposition from proceeding.

Fraunhofer has not identified any need for testimony from Ms. Nguyen, who retired from defendant Sirius XM Radio Inc. ("Sirius XM") nearly one year ago from her role in marketing. Fraunhofer has already had the opportunity to obtain any relevant marketing-related information it needs from other sources, including Sirius XM's current Chief Marketing Officer and Rule 30(b)(6) witness on the topic of marketing, Ms. Denise Karkos.  For months, Fraunhofer has refused to engage in good faith meet and confer discussions with counsel for Ms. Nguyen and Sirius XM to explain why it contends it needs Ms. Nguyen's deposition.  Given that any deposition testimony from Ms. Nguyen is not necessary and duplicative of discovery that Fraunhofer has already obtained from Sirius XM, including Ms. Karkos, there is no justification to burden non-party Ms. Nguyen with a deposition.  Thus, Fraunhofer's subpoena for Ms. Nguyen's deposition should be quashed and a protective order entered to prevent it from taking place.

## FACTUAL BACKGROUND

### A.     Background of the Delaware Action

Fraunhofer is an applied research organization in Europe.  Sirius XM is a Delaware corporation headquartered in New York, formed in 2008 when XM Satellite Radio, Inc. merged

with Sirius XM Satellite Radio.

Fraunhofer filed its original complaint against Sirius XM in the Delaware Action on February 22, 2017, alleging infringement of four patents—U.S. Patent Nos. 6,314,289, 6,931,084, 6,993,084, and 7,061,997 (the "patents-in-suit").  Delaware Action, D.I. 1. Fraunhofer worked with Sirius XM's predecessor to develop and build the satellite broadcast system accused of infringement.  In connection with those efforts, Sirius XM obtained licenses to the patents-in-suit.  Fraunhofer now claims that Sirius XM lost those rights in and around 2010. Sirius XM contends that it continues to have a license to the patents-in-suit, that it does not infringe the patents-in-suit, and that the patents-in-suit are invalid and unenforceable, along with additional defenses.

On April 17, 2017, Sirius XM moved to dismiss Fraunhofer's complaint for failure to state a claim under Rule 12(b)(6).  Delaware Action, D.I. 10.  Sirius XM's motion was based on the fact that Sirius XM has a license to the patents-in-suit granted by WorldSpace International Network Inc., which obtained an exclusive license from Fraunhofer in 1998 to these patents.  On August 23, 2018, the Court in the Delaware Action granted Sirius XM's motion to dismiss, adopting in full a Report & Recommendation entered on March 29, 2018, in which the Magistrate Judge had recommended dismissal of the action.  Delaware Action, D.I. 146, 175. On July 16, 2018, the Court in the Delaware Action denied Fraunhofer leave to amend its complaint.  Delaware Action, D.I. 172.  Fraunhofer appealed to the Federal Circuit on September 17, 2018, and on October 17, 2019, the Federal Circuit vacated the order dismissing the case, reversed the order denying Fraunhofer leave to amend the complaint, and remanded for further proceedings. *Fraunhofer-Gesellschaft zur Forderung der Angewandten Forschung E. V. v. Sirius XM Radio Inc.,* 940 F.3d 1372 (Fed. Cir. 2019).

On remand, Fraunhofer initially proceeded with its original complaint. Sirius XM filed a renewed motion to dismiss, and the Court in the Delaware Action issued an oral order directing Fraunhofer to either address key issues raised in the renewed motion or proceed with an amended complaint. Delaware Action, D.I. 203. On February 28, 2020, Fraunhofer filed an amended complaint. Delaware Action, D.I. 219. On April 8, 2020, Sirius XM filed a motion to dismiss Fraunhofer's amended complaint based on its license defense, which is currently pending in the Delaware Action. Delaware Action, D.I. 236.

Fraunhofer has taken most of its fact depositions. By contrast, Sirius XM only been able to take a single deposition due to the pandemic as Fraunhofer's witnesses are based in Germany and German authorities have not yet permitted those depositions to proceed remotely. The Court in the Delaware Action directed the parties "to work cooperatively on adjustments to the fact discovery deadline as needed to accommodate additional witness depositions." Ex. 1 (10/28/20 Oral Order). The parties are currently attempting to reach agreement on a revised schedule. Delaware Action, D.I. 398.

**B.      Background of the Dispute Regarding Ms. Nguyen's Subpoena**

The facts and circumstances surrounding Ms. Nguyen's subpoena, unfortunately, have a long and tortured history, as set forth below. This history is highlighted by Fraunhofer's ongoing and repeated refusal to provide reasonable information based on various requests from counsel or even engage in meet and confers so that Ms. Nguyen could determine whether to object to or move to quash the subpoena. After lengthy correspondence and even a hearing on a motion brought by Fraunhofer before the Court in the Delaware Action on this same subpoena (which was denied as the Delaware Court found that it did not have jurisdiction over this subpoena), the instant motion became necessary.

### 1.   Fraunhofer Subpoenaed Ms. Nguyen After Sirius XM Replaced Her on Its Initial Disclosures with a Witness with Duplicative Knowledge

While Sirius XM identified Ms. Nguyen on its original initial disclosures in the Delaware Action, she retired from Sirius XM during the course of the litigation.  Because Ms. Nguyen does not have unique knowledge relevant to the Delaware Action, Sirius XM removed her from its initial disclosures and replaced her with Ms. Karkos.  Yet Fraunhofer proceeded to issue a subpoena to Ms. Nguyen without any explanation as to why it still needed discovery from her.

Specifically, on May 26, 2017, about three months after this action commenced, Sirius XM served its initial disclosures pursuant to Rule 26(a)(1), in which Sirius XM identified nine employees who "may have knowledge relevant" to the Delaware Action.  Ex. 2 (Sirius XM 5/26/17 Initial Disclosures).  One of these employees was Ms. Nguyen, who Sirius XM stated "may have information and knowledge concerning marketing and promotion of Accused Products." *Id.*  At that time, Ms. Nguyen was Sirius XM's Senior Vice President, Direct Sales and Marketing.  *Id.*

In view of the lengthy procedural history of the Delaware Action (summarized above), as well as logistical issues in 2020 due to the Covid-19 pandemic, no fact depositions took place in the Delaware Action until late 2020, over three and a half years after the action commenced.  On September 18, 2020, Fraunhofer noticed individual depositions pursuant to Rule 30(b)(1) for the first time in the Delaware Action, including notices for each of the nine individuals that Sirius XM had identified in its May 2017 initial disclosures.  However, by that time, Ms. Nguyen had not been employed by Sirius XM for months since her retirement in April 2020.  Hedvat Decl., ¶2.[1]   Sirius XM was surprised that Fraunhofer "filed multiple notices of deposition without

---

[1] Exhibits cited herein are attached to the accompanying Declaration of Shannon H. Hedvat in Support of Non-Party My-Chau Nguyen's Motion to Quash Subpoena and For a Protective Order ("Hedvat Decl.").

discussing the matter with Sirius XM," and recommended that "the parties should engage in a dialogue to assess the completion of fact discovery, including the taking of depositions."  Ex. 3 (9/22/20 letter from Sirius XM to Fraunhofer).

Sirius XM then promptly updated its initial disclosures on September 24, 2020, removing Ms. Nguyen and replacing her with Ms. Karkos, who had served as Sirius XM's Chief Marketing Officer since October 2019.  Ex. 4 (Karkos Tr.), 16:18-25; Ex. 5 (Karkos Ex. 2).  Sirius XM identified the exact same subject matter for Ms. Karkos as it had previously identified for Ms. Nguyen.  Ex. 6 (Sirius XM 9/25/20 Supplemental Initial Disclosures) ("Ms. Karkos is the Chief Marking Officer for Sirius XM and may have information and knowledge concerning the marketing and promotion of Accused Products.").

The next day, on September 25, 2020, Fraunhofer noticed the deposition of Ms. Karkos. A few days later, in correspondence regarding deposition scheduling, Sirius XM confirmed to Fraunhofer that it had "replaced…My-Chau Nguyen (who is no longer with the company) with another witness, namely Denise Karkos," and that "[a]ccordingly, we will not be making…Ms. Nguyen…available for deposition in this case." Ex. 7 (10/2/20 email from Sirius XM to Fraunhofer).   In the days that followed, Fraunhofer sent multiple lengthy communications to Sirius XM about deposition scheduling, yet Fraunhofer made no mention of Ms. Nguyen until October 8, 2020, when it simply stated that it had "additional questions regarding the availability of particular witnesses (including…Ms. Nguyen…)."  Ex. 8 (10/8/20 email from Fraunhofer to Sirius XM).

On October 19, 2020, Fraunhofer issued notices of subpoenas to two former Sirius XM employees, Ms. Nguyen and Mr. John Egan (a former Sirius XM engineer residing in North

5

Carolina), seeking documents and deposition testimony.[2]  The deposition subpoena to Ms.

Nguyen demanded her deposition on November 4, 2020 in Washington D.C.   The document

subpoena to Ms. Nguyen demanded that she produce documents by October 28, 2020,

concerning a wide range of overly broad topics, such as all documents "regarding sales,

marketing, or promotion" of any Sirius XM product or service.  Ex. 9 (Fraunhofer 10/19/20

subpoenas to Ms. Nguyen).  On October 28, 2020, Sirius XM's counsel informed Fraunhofer that

it represents Ms. Nguyen in connection with her subpoenas.  Ex. 10 (10/28/20 email from Sirius

XM to Fraunhofer).

> **2.    For Months, Fraunhofer Refused To Meet And Confer In Good Faith Regarding Its Subpoena Of Ms. Nguyen**

For the weeks that followed Fraunhofer's issuance of these subpoenas, Sirius XM and its

counsel (who represents Ms. Nguyen), repeatedly tried to meet and confer with Fraunhofer to

understand the basis for the subpoenas and determine whether Ms. Nguyen needed to seek court

intervention.   Yet, as detailed below, Fraunhofer refused to engage in discussions regarding the

subpoenas, and instead attempted to force Ms. Nguyen's deposition to take place over Sirius

XM's objections.

On October 28, 2020, the Court in the Delaware Action held a discovery conference

regarding pending disputes, including issues concerning deposition scheduling. Based on the

conference, the Court entered an oral order requiring the parties to "serve on opposing counsel an

identification of witnesses and proposed deposition dates" by October 30, 2020, and to "have a

schedule of depositions in place, with all depositions to be completed by the close of fact

---

[2] Similar to Ms. Nguyen, Mr. Egan does not have knowledge that is non-duplicative of other
Sirius XM witnesses' knowledge.  As such, Sirius XM's counsel has objected to the deposition
of Mr. Egan for the same reasons as it has objected to Ms. Nguyen's deposition.  On February
15, 2021, as discussed further below, Fraunhofer agreed not to pursue Mr. Egan's deposition, but
it is continuing to pursue Ms. Nguyen's deposition.

discovery on November 19, 2020 to the extent possible."  Ex. 1 (10/28/20 Oral Order).

After the hearing, the same day, Sirius XM e-mailed Fraunhofer and "reiterate[d] [its] previous requests that Fraunhofer explain the basis for its subpoenas and deposition notices on individuals not identified on Sirius XM's initial disclosures including…Ms. Nguyen," and further noted that it intended to "serve objections."  Ex. 10 (10/28/20 email from Sirius XM to Fraunhofer); *See also e.g.*, Ex. 37 (10/15/20 e-mail from Sirius XM to Fraunhofer) ("Fraunhofer continues to disregard our inquiries regarding its demand for depositions of individuals not identified on Sirius XM's initial disclosures…").  Fraunhofer failed to respond or engage in any discussion.

Notwithstanding this, in order to comply with this October 28 Order, even though Sirius XM and Ms. Nguyen were still in good faith waiting to meet and confer with Fraunhofer regarding the basis for its subpoenas, Sirius XM identified proposed deposition dates for all witnesses who Fraunhofer had noticed for depositions.  This included a date (December 11, 2020) for Ms. Nguyen's deposition.  Sirius XM's counsel emphasized that the date was simply a proposal "to be discussed by the parties for purposes of establishing a reasonable deposition schedule" and "subject to change based on (1) the parties' ongoing discussions; (2) each witness' personal circumstances and availability; and (3) Sirius XM's counsel's availability…"  Sirius XM's counsel specifically explained that the date it provided for Ms. Nguyen's deposition is "subject to the same reservation of rights, objections and future changes including Sirius XM's continued request for an explanation from Fraunhofer for its request for depositions of individuals not identified on Sirius XM's Initial Disclosures."  Ex. 11 (Sirius XM 10/30/20 email to Fraunhofer).

On November 5, 2020, Sirius XM again asked that Fraunhofer "provide [its] basis to

proceed with the depositions" of particular witnesses, including Ms. Nguyen," since "[a]s [Fraunhofer] know[s], we currently object to their depositions proceeding and provided tentative dates solely in an effort to continue the parties' ongoing discussions."  Ex. 12 (11/5/20 email from Sirius XM to Fraunhofer).  Sirius XM's counsel further noted that it was "available for a meet and confer" on this issue.  Ex. 12 (11/5/20 email from Sirius XM to Fraunhofer). Fraunhofer responded that day but refused to provide any explanation for why it sought Ms. Nguyen's deposition and ignored the request for a meet and confer.  Rather, it provided a purported basis for its deposition requests of "SXM witnesses" (not non-party witnesses)— which was simply the vague and uninformative claim that it "believe[s] they may be in possession of information relevant to the parties' claims, defenses, and other issues pertinent to this case."   Ex. 13 (11/5/20 email from Fraunhofer to Sirius XM).

On November 9, 2020, Sirius XM noted "Fraunhofer's outright refusal to respond to [Sirius XM's] *multiple* inquiries for over two weeks regarding Fraunhofer's requests for depositions" of certain individuals, including Ms. Nguyen, and that Fraunhofer has provided "insufficient justification to pursue depositions of former employee Ms. Nguyen, who was replaced on Sirius XM's supplemental initial disclosures with individuals knowledgeable about the information for which she was originally designated in 2017 and designated as a 30(b)(6) witness." Ex. 14 (11/9/20 email from Sirius XM to Fraunhofer).  On November 11, 2020, Fraunhofer provided a lengthy response, but nowhere in that response was any basis for its deposition subpoena of Ms. Nguyen or a willingness to engage in a meet and confer.  Rather, Fraunhofer simply concluded that it had "already explained our basis for noticing SXM witnesses" (not non-party witnesses). Ex. 15 (11/11/20 email from Fraunhofer to Sirius XM).

On November 12, 2020, Sirius XM noted Fraunhofer's continued failure, after weeks, to

provide any explanations or to provide times to meet and confer regarding Ms. Nguyen's subpoena, despite Sirius XM's repeated requests, and again asked Fraunhofer to meet and confer regarding deposition issues.  Ex. 16 (11/12/20 email from Sirius XM to Fraunhofer).  Fraunhofer responded with two emails but still failed to provide any basis for its Ms. Nguyen's deposition. Ex. 17 (11/12/20 emails from Fraunhofer to Sirius XM).  On November 13, 2020, the parties met and conferred regarding a number of issues concerning fact depositions.  During that meet and confer, Fraunhofer would not engage in any discussion regarding the basis for its request for Ms. Nguyen's (or Mr. Egan's) deposition instead focusing on its newly raised demands for the depositions of current and former executives of the company. Hedvat Decl., ¶3.  On November 15, 2020, Fraunhofer addressed in an email a number of items raised during the November 13 meet and confer, but made no mention of any basis for Ms. Nguyen's deposition.

On December 4, 2020, after having chased Fraunhofer without success to engage in an exchange relating to the subpoena, Ms. Nguyen served formal objections to her subpoenas.  With respect to the document subpoena, Ms. Nguyen explained that "as a third party to this action, [she] will not produce any documents in response to this subpoena because Sirius XM has already produced or will produce non-privileged, relevant documents and information pertaining to the information sought under this subpoena." Ex. 18 (Ms. Nguyen's 12/4/20 objections to document subpoena).[3]  With respect to the deposition subpoena, Ms. Nguyen explained that "as a third party to this action, [she] does not agree to appear for deposition in this case because Fraunhofer has failed to explain the basis for its subpoena for testimony and the information

[3] Fraunhofer has not further pursued Ms. Nguyen's documents following these objections, and thus Sirius XM's counsel understands that there is no pending dispute with respect to Ms. Nguyen's document subpoena.  To the extent Fraunhofer is still pursuing these documents, Ms. Nguyen objects to producing any documents for the reasons stated in its objections, and for the same reasons that her deposition subpoena should be quashed.

sought under the subpoena may be obtained from Sirius XM personnel.  Moreover, Sirius XM has already produced non-privileged, relevant documents pertaining to the topics set forth in [Ms. Nguyen's] subpoena."  Ex. 19 (Ms. Nguyen's 12/4/20 objections to deposition subpoena).

On December 7, 2020, during a meet and confer *on other issues*, Fraunhofer referenced Ms. Nguyen's deposition as though it were taking place on December 11, 2020, but Sirius XM's counsel explained the deposition would not proceed as she had objected to her deposition and the parties had not yet met and conferred.  Hedvat Decl., ¶4.  Indeed, even at that point, Fraunhofer refused to engage in any substantive discussion regarding the deposition, continuing to ignore Sirius XM's requests for an explanation of why it needed this deposition, instead simply demanding that the deposition go forward.  Ex. 21 (12/7/20 email from Fraunhofer to Sirius XM).

The next day, Sirius XM's counsel again explained that "for months," it "has requested that Fraunhofer explain the basis for its demand to take depositions of witnesses not identified on Sirius XM's initial disclosures…"  Ex. 20 (12/8/20 email from Sirius XM to Fraunhofer).  Sirius XM's counsel again informed Fraunhofer that "Ms. Nguyen [has] objected to appear for [her] deposition[]," and that Fraunhofer had "failed to review [the] objections from last week as evidenced by our needing to identify the e-mail to you during the call yesterday. Moreover, your suggestion that [Ms. Nguyen] did not preserve such objections is demonstrably false as Sirius XM made clear in its e-mail on October 30."  Ex. 20 (12/8/20 email from Sirius XM to Fraunhofer).

Despite this, Fraunhofer disingenuously responded that it had "already repeatedly explained the basis for [its] deposition requests in the parties' email correspondence and during meet and confers."  Ex. 21 (12/8/20 email from Fraunhofer to Sirius XM).  Fraunhofer then

proceeded to brazenly threaten "consequences…for individuals who fail to appear" in response to a subpoena." Ex. 22 (12/8/20 email from Fraunhofer to Sirius XM). Sirius XM expressed its concern regarding Fraunhofer's attempts to "bully" the witnesses, noting "[w]e have offered to meet and confer, but you have repeatedly ignored our overtures. To the extent Fraunhofer is willing to engage in meaningful dialogue and discussion, our offer to meet and confer remains open. After the meet and confer, the parties can decide if motion practice is necessary." Ex. 20 (12/8/20 email from Sirius XM to Fraunhofer).

Fraunhofer again ignored the request for a meet and confer and instead baselessly complained that Ms. Nguyen's objections were not served within 14 days of service of the subpoena and that Sirius XM needed to file a motion to quash. Ex. 22 (12/8/20 email from Fraunhofer to Sirius XM). Sirius XM's counsel responded that the parties had proceeded based on the understanding that objections would be preserved until the parties met and conferred and that Fraunhofer's "outright refusal to acknowledge…[its] repeated and ongoing request to meet and confer on Fraunhofer's request for deposition[] of…Ms. Nguyen, is only continuing to jeopardize any meaningful dialogue which Sirius XM seeks to have." Ex. 21 (12/8/20 email from Sirius XM to Fraunhofer).

To demonstrate Fraunhofer's about-face regarding the parties' understanding in connection with objections, Sirius XM's counsel explained how Fraunhofer's counsel had similarly served objections beyond 14 days after service for third parties it represented in the action, "after the parties discussed Fraunhofer's concerns during a meet and confer," and how Sirius XM had been "repeatedly requesting [Fraunhofer's] justification for" the subpoena. Sirius XM's counsel "reiterate[d] one last time [its] request for a meet and confer to discuss" the subpoena. Ex. 23 (12/10/20 email from Sirius XM to Fraunhofer). Still, Fraunhofer still refused

to provide an explanation for Ms. Nguyen's deposition or engage in a meet and confer with counsel.  Instead, Fraunhofer attempted to manufacture a record of noncompliance with the subpoena by "starting" the deposition on December 11, 2020, without Ms. Nguyen or her counsel present.  Ex. 24 (12/11/20 transcript).  Fraunhofer pulled this stunt in bad faith, knowing full well based on correspondence from counsel that the witness would not be present, that Ms. Nguyen had objected to the deposition, and that Fraunhofer had been deliberately avoiding substantive discussions about the subpoena with Sirius XM's counsel for the past eight weeks.

> **3.      Fraunhofer Did Not Attempt to Meet and Confer Regarding Ms. Nguyen's Subpoena Until After the Delaware Court Denied Its Motion to Compel**

Fraunhofer continued to avoid any meet and confer regarding Ms. Nguyen's subpoena until after the Court in the Delaware Action denied its motion to compel the deposition for lack of jurisdiction in January 2021.

Specifically, on December 21, 2020, Fraunhofer notified Sirius XM's counsel that it intended to raise the issue of Ms. Nguyen's subpoena with the Court in the Delaware Action. Ex. 25 (12/21/20 email from Fraunhofer to Sirius XM).  Sirius XM yet again noted that the parties "have ***not*** met and conferred" regarding the subpoena even though "Sirius XM has offered to meet and confer" regarding the subpoena "***multiple*** times and Fraunhofer has outright ignored our offer," and explained that it "remain[ed] willing to meet and confer so that the parties can abide by the Court's guidelines and instructions before engaging in premature motion practice."  Ex. 26 (12/22/20 email from Sirius XM to Fraunhofer).

On December 22, 2020, again without any meet and confer, Fraunhofer notified the Court in the Delaware Action that it intended to move to compel the deposition of Ms. Nguyen. Delaware Action, D.I. 381.  On December 23, 2020, the Court ordered briefing and a teleconference on this issue (among others).   Fraunhofer submitted its opening letter brief on

January 11, 2021, Sirius XM submitted its response on January 12, 2021, and the Court held a teleconference on January 15, 2021.  Delaware Action, D.I. 389-392; Ex. 27 (1/15/21 Hearing Tr.).  Following oral argument, the Court entered an oral order on this issue, denying without prejudice the motion to compel Ms. Nguyen's deposition, because "Fraunhofer has not shown how this Court has jurisdiction to enforce subpoenas served in…Washington, D.C., under rule 37(A)(2) and rule 45(F) which require enforcement in the court where compliance is required unless that court transfers the matter to this court."  Ex. 27 (1/15/21 Hearing Tr.), 50-54.

Notwithstanding the Court's denial of Fraunhofer's motion, Sirius XM's counsel continued to try to work with Fraunhofer to address Ms. Nguyen's deposition subpoena in good faith following the hearing.  On January 22, 2021, Fraunhofer reached out to Sirius XM's counsel seeking to schedule Ms. Nguyen's deposition, and asking for the first time if it had "any remaining questions or if there is information" it believed it "need[ed] to assess whether or not [Ms. Nguyen] will voluntarily appear in response to the subpoena[]."  Ex. 28 (1/22/21 email from Fraunhofer to Sirius XM).  Sirius XM's counsel responded that the despite Fraunhofer's refusal to meet and confer regarding the subpoena in the past, it "remain[ed] willing and available to meet and confer" "[t]o the extent Fraunhofer is now willing to engage in a meaningful discussion," and asked that Fraunhofer "be prepared to discuss[]…Ms. Nguyen's objections and responses to the subpoenas and the specific information sought…"  Ex. 29 (1/26/21 email from Sirius XM to Fraunhofer).

On February 5, 2021, over three months after issuing Ms. Nguyen's subpoena, Fraunhofer finally met and conferred with Sirius XM's counsel regarding its purported basis for seeking her deposition.  Yet Fraunhofer remained unable to articulate any basis for Ms. Nguyen's deposition, aside from purported complaints it had regarding Ms. Karkos' deposition,

which do not relate to Ms. Nguyen and have been or will be resolved (as discussed further

below).  Hedvat Decl., ¶5.  Because the parties had finally met and conferred regarding

Fraunhofer's subpoena of Ms. Nguyen and it was apparent that there was no basis for it, Sirius

XM informed Fraunhofer that Ms. Nguyen would file a motion to quash the subpoena, as well as

its subpoena of Mr. Egan, which the parties also discussed.  *Id*.

On February 9, 2021, Fraunhofer contacted Sirius XM to propose that it would "forgo the

deposition of Mr. Egan if Ms. Nguyen agrees to be deposed without further motion practice."

Ex. 30 (2/9/21 email from Fraunhofer to Sirius XM).  Since Sirius XM's counsel represented

both Ms. Nguyen and Mr. Egan with respect to their subpoenas and there was no basis for either

subpoena, it explained to Fraunhofer that it was not appropriate to make one deposition

contingent upon the other.  Ex. 31 (2/15/21 email from Sirius XM to Fraunhofer).  However,

Sirius XM counter-proposed that it would stipulate to not bring either Ms. Nguyen or Mr. Egan

to trial or rely on their testimony in this case if Fraunhofer withdrew its request for both

depositions, which would "allow the parties to avoid motion practice."  Ex. 31 (2/15/21 email

from Sirius XM to Fraunhofer).  In response, Fraunhofer agreed to Sirius XM's proposal for Mr.

Egan but not Ms. Nguyen.  Ex. 32 (2/15/21 email from Fraunhofer to Sirius XM).  As a result,

Ms. Nguyen filed the instant motion.

### 4. Fraunhofer Has Had Ample Opportunity To Obtain Marketing-Related Discovery From Sirius XM

Fraunhofer has had every opportunity to obtain from Sirius XM the marketing-related

discovery it seeks from Ms. Nguyen.  For instance, on January 11, 2021, Fraunhofer took the

deposition of Ms. Karkos, who had replaced Ms. Nguyen on Sirius XM's initial disclosures as

potentially having "information and knowledge concerning marketing and promotion of Accused

Products."  Ms. Karkos explained that her role at Sirius XM includes "oversee[ing] all of the

14

brand management," "oversee[ing] all of the advertising and creative," and "manag[ing] all of the marketing, all of the communications." Ex. 4 (Karkos Tr.), 13, 16. In addition to providing testimony in her individual capacity, Ms. Karkos provided extensive testimony as Sirius XM's designee under Rule 30(b)(6) regarding marketing-related information. Ex. 4 (Karkos Tr.), 14:25- 16:14; 17:13-23. Specifically, Ms. Karkos was designated to testify regarding "[a]ll facts and circumstances relating to the marketing, promotion, or advertising of the DARS system, including marketing plans, market analyses, and sales forecasts." Ex. 33 (Karkos Ex. 1), Topic 15.[4]

Ms. Nguyen's name came up only once during Ms. Karkos' deposition, when it appeared on a document from 2008 that provided a "Weekly Marketing Update," which was just one of the nearly twenty exhibits that Fraunhofer introduced at the deposition. Ex. 34 (Karkos Ex. 4).[5] After showing Ms. Karkos this document, Fraunhofer's counsel asked Ms. Karkos who Ms. Nguyen was, and Ms. Karkos explained that she and Ms. Nguyen overlapped for about six months at Sirius XM before Ms. Nguyen's retirement, and that Ms. Nguyen's role during that time was to "run[] what we call the gross ad win-back program, which is basically trying to get people who have fallen out of a trial to subscribe." Ex. 4 (Karkos Tr.), 101. Ms. Nguyen was neither the author nor recipient identified on the document, and Ms. Karkos was familiar with and provided testimony regarding the document and weekly marketing updates more generally.

---

[4] Ms. Karkos was also designated to testify regarding Topic 25, i.e., "[SXM's] corporate history and structure, including the corporate history of Sirius and its predecessors, the corporate history of XM satellite radio and its predecessors, and the facts and circumstances relating to the merger."

[5] Incredibly, for months, Fraunhofer took the position that it required Ms. Nguyen's deposition because her name appeared on more documents than Ms. Karkos', yet only introduced *one* of those documents during Ms. Karkos' deposition. *See e.g.*, 11/11/20 e-mail ("you claim that Ms. Karkos is a 'replacement for Ms. Nguyen, even though SXM has produced little to no documents naming Ms. Karkos").

Not once did Ms. Karkos identify Ms. Nguyen as someone who would have information that Fraunhofer requested during the deposition. While Fraunhofer has raised baseless complaints about the sufficiency of Ms. Karkos' Rule 30(b)(6) testimony, these complaints are that she deferred to other current Sirius XM employees for certain questions—not that any of her testimony indicated that she lacked any knowledge that Ms. Nguyen would have. Ex. 35 (Fraunhofer 1/26/21 letter to Sirius XM) (claiming that Ms. Karkos "deferred to various other SXM employees, including Stephanie Mac, Chas Murphy, and Patrick Donnelly"). Moreover, to the extent there are any other marketing-related documents on which Ms. Nguyen's name appears that were not recognized by Sirius XM's witnesses, Sirius XM has already agreed to consider Fraunhofer's request to confirm authenticity of such documents. Ex. 36 (2/9/21 Sirius XM letter to Fraunhofer). Tellingly, Fraunhofer did not even use the full seven hours that it was permitted for Ms. Karkos' deposition, evidently already obtaining the marketing-related information that it needed in the four and half hours that it deposed Ms. Karkos.

## ARGUMENT

Fraunhofer's deposition subpoena of Ms. Nguyen should be quashed and a protective order entered because the subpoena is unduly burdensome and unnecessary—particularly because Fraunhofer has already been able to obtain the relevant marketing-related information from Sirius XM. Rule 45 requires the Court to quash or modify a third-party subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Furthermore, Rule 26(c)(1) provides that a Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…that the disclosure or discovery not be had."

Discovery obtained from a nonparty pursuant to Rule 45 is limited to the scope of discovery permitted under Rule 26(b). *Phillips & Cohen, LLP v. Thorpe*, 300 F.R.D. 16, 17

(D.D.C. 2013).  Moreover, under Rule 45, "parties and attorneys who issue subpoenas have an affirmative duty to prevent undue burden or expense to the persons subject to the subpoena" *Id*. at 18. This requires courts to consider several factors that may be relevant to the question of undue burden, including "whether the discovery is unreasonably cumulative or duplicative; whether the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; and whether the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

Courts accord special weight to the burden on non-parties of producing information.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena,* 257 F.R.D. 12, 18 (D.D.C. 2009) (citing *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717 (1st Cir.1998) ("'concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs' in Rule 45 inquiry")).; *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007) ("The Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties.").  Here, the deposition subpoena of Ms. Nguyen should be quashed and a protective order entered based on these factors governing discovery, as well as Fraunhofer's bad faith discovery tactics.

A.    **A Deposition of Non-Party Ms. Nguyen is Duplicative, Unnecessary and Unreasonably Burdensome**

Fraunhofer's deposition subpoena of Ms. Nguyen is unduly burdensome because it is unreasonably cumulative, and Fraunhofer has already had the opportunity to obtain the information it seeks from other sources, including Ms. Karkos.  Fraunhofer originally noticed Ms. Nguyen's deposition because she was identified on Sirius XM's initial disclosures.  Once

17

Sirius XM removed her from those disclosures and replaced her with Ms. Karkos, there was no longer any reason for her deposition, and Fraunhofer never provided one.

Indeed, Ms. Karkos has already testified regarding Sirius XM's marketing efforts, both in her individual capacity as Chief Marketing Officer, and as Sirius XM's Rule 30(b)(6) witness regarding "marketing, promotion, or advertising of the DARS system, including marketing plans, market analyses, and sales forecasts."  Ms. Karkos never identified any information that Ms. Nguyen would know that is not known to Ms. Karkos or another Sirius XM employee. During Ms. Karkos' deposition, Fraunhofer introduced only one document identifying Ms. Nguyen (which did not indicate Ms. Nguyen as the author or recipient), and Ms. Karkos was familiar with and able to testify regarding that document, and also more generally about similar documents that Sirius XM generates.

While Fraunhofer has claimed in briefing in the Delaware Action that Ms. Nguyen's name is on "numerous sales and marketing documents," it did not identify these documents during Ms. Karkos' deposition, let alone any such documents that are relevant or important to the issues in the Delaware Action.  To the extent any such documents exist, Fraunhofer had every opportunity to introduce them during the deposition of Sirius XM's corporate witness on marketing, Ms. Karkos.  The fact that Fraunhofer did not introduce them during Ms. Karkos' deposition is telling to their lack of importance.  Indeed, it would not be surprising if Ms. Nguyen's name is on additional marketing-related documents given her prior role in marketing for Sirius XM—but that fact alone does not justify burdening her with a deposition.  Fraunhofer has never described any unique information that Ms. Nguyen would have compared to others involved with any such documents, or explained what information it would need from Ms. Nguyen regarding such documents.  To the extent Fraunhofer claims it still needs additional

marketing-related information that it was not able to obtain from Ms. Karkos, including authentication of marketing-related documents, Sirius XM can readily consider these requests without the need to burden a retired third party.  *Wyoming v. U.S. Dept. of Agriculture*, 208 F.R.D. 449, 454 (D.D.C. 2002) ("all relevant documents [sought from third party] would be in the hands of the ... defendants, and thus intrusion into the activities of the non-party witnesses is unwarranted and unnecessarily burdensome"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

Because Fraunhofer cannot point to any noncumulative, nonduplicative information that it needs from Ms. Nguyen that it could not obtain from Sirius XM, its deposition subpoena to Ms. Nguyen is unduly burdensome and should be quashed and a protective order should be entered.  *See* Fed. R. Civ. P. 26(b)(2)(C) (discovery may be prohibited if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Sourgoutsis v. U.S. Capitol Police*, 323 F.R.D. 100, 115-16 (D.D.C. 2017) (granting a motion to quash because a subpoena sought discovery that would be "unreasonably cumulative and duplicative").

### B.  Fraunhofer's Bad Faith Litigation Tactics Should Not Be Rewarded by Allowing Ms. Nguyen's Deposition

Fraunhofer intentionally avoided meeting and conferring with Sirius XM regarding Ms. Nguyen's deposition subpoena for months, knowing it had no valid basis for the deposition. Fraunhofer's conduct should not be rewarded by allowing Ms. Nguyen's deposition to proceed.

Specifically, for over three months after issuing its deposition subpoena to Ms. Nguyen, Fraunhofer refused to meet and confer regarding the subpoena or provide any explanation for why it needed her deposition, despite numerous requests by Sirius XM's counsel.  *See, e.g.* Ex.

10  ("reiterate[d] [its] previous requests that Fraunhofer explain the basis for its subpoenas and deposition notices on individuals not identified on Sirius XM's initial disclosures including…Ms. Nguyen,"), Ex. 21 ("Your outright refusal to acknowledge . . . our repeated and ongoing requests to meet and confer . . . is only continuing to jeopardize any meaningful dialogue which [Sirius XM] seeks to have.") ("our offer to meet and confer remains open."); Ex. 26 ("[Sirius XM has offered to meet and confer on these subpoenas multiple times and [Fraunhofer] has outright ignored our offer…").

In seeking to meet and confer, counsel sought to understand why Fraunhofer believed it needed Ms. Nguyen's deposition, so that the parties could attempt to resolve the issue and avoid burdening the court in another jurisdiction with this dispute.  Yet again and again, Fraunhofer refused.  Instead, Fraunhofer attempted to create a false narrative by creating a deposition record outside of the presence of Ms. Nguyen and Sirius XM's counsel, while fully aware that Ms. Nguyen objected to the deposition and that it had never provided any justification for the deposition.

It was not until after the Court in the Delaware Action denied Fraunhofer's motion to compel that Fraunhofer contacted Sirius XM in an attempt to substantively discuss Ms. Nguyen's subpoena.  Yet when the parties met and conferred on February 5, 2021, it became evident to Sirius XM that Fraunhofer had no legitimate basis for Ms. Nguyen's deposition subpoena, or for its deposition subpoena of former Sirius XM employee Mr. Egan.  Following this meet and confer, Fraunhofer finally agreed to forego Mr. Egan's deposition on February 15, 2021, after months of insisting on it for no reason.  Because Fraunhofer had similarly failed to provide any valid basis for Ms. Nguyen's deposition, Sirius XM's counsel expected that Fraunhofer would forego Ms. Nguyen's deposition as well and that it could avoid burdening this Court with the

instant motion.  However, by February 15, 2021, it became apparent that Fraunhofer would not willingly forego Ms. Nguyen's deposition as it did Mr. Egan's, so Sirius XM's counsel was compelled to file this motion.

Fraunhofer's bad faith litigation tactics—including disregarding its obligation to meaningfully meet and confer, baselessly prolonging this dispute for months, and ignoring Ms. Nguyen's objections—alone warrant quashing its subpoena of Ms. Nguyen and entering a protective order.

### C.    This Motion is Timely

Sirius XM's counsel timely filed this motion to quash and for a protective order.  *In re Keebaugh*, No. 19-cv-00163, 2019 WL 5802703, at *2-3 (E.D. Pa. Nov. 6, 2019) ("Rule 45 does not provide a specific time period for bringing a motion to quash.").  Specifically, Sirius XM's counsel promptly prepared and filed this motion as soon as it became apparent on February 15, 2021, that the parties' dispute concerning Ms. Nguyen's subpoena could not be resolved without burdening this Court.

Indeed, Sirius XM's counsel notified Fraunhofer that it intended to object to Ms. Nguyen's subpoena at least as early as October 28, 2020.  Ex. 10.  As detailed above, Sirius XM's counsel attempted numerous times for months to engage in discussions with Fraunhofer to understand the basis for the subpoena.  Fraunhofer refused each time.  As a result, the parties did not meet and confer regarding the subpoena until February 5, 2021, when Fraunhofer finally agreed to discuss the subpoena after the Court in the Delaware Action denied its motion to compel Ms. Nguyen's deposition.   Following this meet and confer, the parties continued to correspond regarding the subpoena, and it appeared possible that they could reach resolution. While the parties were able to resolve the similar dispute over Mr. Egan's subpoena, Fraunhofer refused to forego its demand to depose Ms. Nguyen.  Sirius XM's counsel then immediately

prepared and filed this motion.

Any delay in the filing of this motion is due to Fraunhofer's bad faith litigation conduct, and Sirius XM's attempts to engage in communications with Fraunhofer that may have avoided the need for this motion. *In re Keebaugh*, No. 19-cv-00163, 2019 WL 5802703, at *2-3 (E.D. Pa. Nov. 6, 2019) (finding a motion timely where "counsel communicated its objection to the [non-party] subpoena to [opposing] counsel . . . before the compliance date [and] [t]he parties attempted to resolve the dispute, but were unsuccessful"); *Dr. Greens, Inc. v. Spectrum Labs., LLC*, No. 12-mc-00226-KHV-GLR, 2012 WL 3111746, at *1-2 (D. Kan. July 31, 2012) (considering "attempts to informally resolve the disputes about a subpoena without judicial intervention" in determining timeliness). Thus, this motion is timely.

## CONCLUSION

For these reasons, non-party Ms. Nguyen respectfully requests that the Court quash Fraunhofer's deposition subpoena of Ms. Nguyen in its entirety and/or enter a protective order preventing the deposition from proceeding.

## RULE 7(m) STATEMENT REGARDING EFFORTS TO OBTAIN CONSENT TO REQUESTED RELIEF

As set forth in this motion, counsel for Ms. Nguyen has engaged in repeated discussions with counsel for the Plaintiff in an attempt to resolve this matter without the necessity of this motion but the parties have been unable to reach agreement.

## ORAL HEARING REQUESTED

Ms. Nguyen believes that a hearing will assist the Court in deciding these issues and therefore requests a hearing on this Motion.

Dated: February 19, 2021    MY-CHAU NGUYEN
           By counsel

           /s/ Rebecca L. Saitta
           Rebecca L. Saitta (D.C. Bar No. 488110)
           Ashley E. Bouchez (D.C. Bar No. 1658447)
           WILEY REIN LLP
           1776 K Street NW
           Washington, D.C. 20006
           Tel: 202.719.7000
           Fax: 202.719.7049
           rsaitta@wiley.law
           abouchez@wiley.law

           Mark A. Baghdassarian (*pro hac vice* forthcoming)
           Benu C. Wells (*pro hac vice* forthcoming)
           Shannon H. Hedvat (D.C. Bar No. 1010532) (*pro hac vice* forthcoming)
           KRAMER LEVIN NAFTALIS
           & FRANKEL LLP
           1177 Avenue of the Americas
           New York, NY 10036
           Tel: 212.715.9100

           *Counsel for Non-Party My-Chau Nguyen*

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of February, 2021, I electronically filed the foregoing

with the Clerk of Court via email, and served the foregoing via email to the following:

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Ben J. Yorks
David McPhie
IRELL & MANELLA, LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Tel: (949) 760-0991
Fax: (949) 760-5200
byorks@irell.com
dmcphie@irell.com

*Counsel for Plaintiff Fraunhofer-Gesellschaft Zur*
*Förderung Der Angewandten Forschung E.V.*

<u>/s/ Rebecca L. Saitta</u>
Rebecca L. Saitta