# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MY-CHAU NGUYEN, | Misc. Action No. 21-mc-00014-CKK |
| Movant | |
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., | C.A. No. 17-cv-00184-JFB-SRF [Related case pending in the United States District Court for the District of Delaware] |
| Plaintiff, | |
| v. | |
| SIRIUS XM RADIO INC., | |
| Defendant. | |

## OPPOSITION TO MOTION TO QUASH SUBPOENA TO MY-CHAU NGUYEN AND CROSS-MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OR, IN THE ALTERNATIVE, TRANSFER TO THE DISTRICT OF DELAWARE

Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung e.V ("Fraunhofer") hereby (1) opposes the motion to quash and for a protective order filed by non-party My-Chau Nguyen (who is represented by counsel for her former employer Sirius XM Radio ("SXM")), and (2) cross-moves to either compel Ms. Nguyen to appear for deposition within 14 days and reimburse Fraunhofer for the fees and costs associated with the enforcement of this subpoena or, in the alternative, transfer this miscellaneous action to be consolidated with the related action pending in the District of Delaware (*Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung e.V v. Sirius XM Radio, Inc.*, No. 17-184-JFB-SRF).

10916049

This motion is made pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure and is further supported by the accompanying memorandum, the supporting declaration of Alexis P. Federico and exhibits attached thereto, and any written and oral argument and authorities that are presented at or before the time this motion is taken under submission by the Court.

Dated: March 5, 2021                     Respectfully submitted,

                                         By:  /s/ Alexis P. Federico
                                             Alexis P. Federico (D.D.C. Bar No. CA00030)
                                             David C. McPhie (admitted *pro hac vice*)
                                             IRELL & MANELLA, LLP
                                             840 Newport Center Drive, Suite 400
                                             Newport Beach, CA 92660
                                             Telephone:  (949) 760-0991
                                             Facsimile:   (949) 760-5200
                                             afederico@irell.com

## TABLE OF CONTENTS

**Page**

I.  BACKGROUND .................................................................................................. 2

II.  THE MOTION TO QUASH SHOULD BE DENIED ..................................................... 7

    A.  Ms. Nguyen Possesses Unique Knowledge Relevant to the
    Marketing and Promotion of the Accused Products ............................................. 7

    B.  Compliance with the Subpoena Will Not Impose an Undue Burden
    on Ms. Nguyen ................................................................................................ 11

    C.  The Court Should Deny the Motion to Quash as Untimely ............................... 14

III.  MS. NGUYEN'S DEPOSITION SHOULD BE COMPELLED AND
    SANCTIONS IMPOSED ....................................................................................... 19

IV.  IN THE ALTERNATIVE, THIS ACTION SHOULD BE
    TRANSFERRED TO THE DISTRICT OF DELAWARE ........................................... 21

V.  CONCLUSION ..................................................................................................... 24

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aetna Cas. and Sur. Co. v. Rodco Autobody*,
  130 F.R.D. 2 (D. Mass. 1990) ................................................................20

*Alexander v. F.B.I.*,
  186 F.R.D. 60 (D.D.C. 1998) ................................................................11

*Athridge v. Aetna Cas. and Sur. Co.*,
  184 F.R.D. 200 (D.D.C. 1998) ..............................................................20

*\*Dep't of the Treasury v. Pension Benefit Guar. Corp.*,
  301 F.R.D. 20 (D.D.C. 2014) ...........................................................7, 8

*Dr. Greens, Inc. v. Spectrum Labs., LLC*,
  2012 WL 3111746 (D. Kan. July 31, 2012) ...........................................18

*Ecomission Sols., LLC v. CTS Holdings, Inc.*,
  2016 WL 4506974 (D.D.C. Aug. 26, 2016) .............................................8

*\*Flanagan v. Wyndham Int'l, Inc.*,
  231 F.R.D. 98 (D.D.C. 2005) .....................................................8, 12, 16

*Flynn v. FCA US LLC*,
  216 F. Supp. 3d 44 (D.D.C. 2016) ..........................................................23

*Forschung e.V v. Sirius XM Radio, Inc.*,
  No. 17-184-JFB-SRF ................................................................................1

*\*HT S.R.L. v. Velasco*,
  125 F. Supp. 3d 211 (D.D.C. 2015) ................................................15, 19

*Innomed Labs, LLC v. Alza Corp.*,
  211 F.R.D. 237 (S.D. N.Y.2002) ............................................................14

*\*Jennings v. Fam. Mgmt.*,
  201 F.R.D. 272 (D.D.C. 2001)..................................................12, 13, 19, 20

*\*Judicial Watch, Inc. v. Valle Del Sol, Inc.*,
  2014 WL 4954368 (D.D.C. Oct. 3, 2014) ..............................................23

*In re Keebaugh*,
  2019 WL 5802703 (E.D. Pa. Nov. 6, 2019) ......................................17, 18

**Page**

*Linder v. Dept. of Def.*,
    133 F.3d 17 (D.C. Cir. 1998) ............................................................................7, 16

*Lipman v. Antoon*,
    284 F. Supp. 3d 8 (D.D.C. 2018) .....................................................................22, 23

*Low v. Whitman*,
    207 F.R.D. 9 (D.D.C. 2002).....................................................................................13

*Luv N' Care, Ltd. v. Laurain*,
    2019 WL 4696399 (D. Nev. 2019) .........................................................................20

*Meixing Ren. v. Phoenix Satellite Television (US), Inc.*,
    2014 WL 12792707 (D.D.C. Oct. 14, 2014) ...............................................7, 9, 19

*In re Micron Tech., Inc. Securities Litig.*,
    264 F.R.D. 7 (D.D.C. 2010).....................................................................................20

*Millennium TGA, Inc. v. Comcast Cable Commun. LLC*,
    286 F.R.D. 8 (D.D.C. 2012).....................................................................................19

*In re Motorsports Merch. Antitrust Litig.*,
    186 F.R.D. 344 (W.D. Va. 1999).............................................................................15

*Nidec Corp. v. Victor Co. of Japan*,
    249 F.R.D. 575 (N.D. Cal. 2007).............................................................................13

*In re Nonparty Subpoenas Duces Tecum*,
    327 F.R.D. 23 (D.D.C. 2018)...................................................................................19

*North Carolina Right to Life, Inc. v. Leake*,
    231 F.R.D. 49 (D.D.C. 2005).....................................................................................7

*U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*,
    238 F. Supp. 2d 270 (D.D.C. 2002) ........................................................................14

*Robert G. Darling v. Laurence N. Girard*,
    No. 15-mc-499, D.I. 20 (D.D.C. July 20, 2015) ...............................................11, 19

*Sourgoutsis v. U.S. Capitol Police*,
    323 F.R.D. 100 (D.D.C. 2017).............................................................................13, 14

*Stati v. Republic of Kazakhstan*,
    2020 WL 3259244 (D.D.C. June 5, 2020) ................................................................7

*U.S. ex rel. Strauser v. Stephen L. LaFrance Holdings, Inc.*,
    2020 WL 2496986 (D.D.C. May 14, 2020) ............................................................19

**Page**

*Washington v. Thurgood Marshall Acad.*,
    230 F.R.D. 18 (D.D.C. 2005) ................................................................................... 12

*Watts v. S.E.C.*,
    482 F.3d 501 (D.C. Cir. 2007) ................................................................................ 19

*Wultz v. Bank of China*,
    304 F.R.D. 38 (D.D.C. 2014) .................................................................................. 22

*Wyoming v. U.S. Dept. of Agriculture*,
     208 F.R.D. 449 (D.D.C. 2002) ............................................................................... 13

**Rules**

*Fed. R. Civ. P. 26 ................................................................................................. *passim*

Fed. R. Civ. P. 30 ............................................................................................. 10, 21, 22

*Fed. R. Civ. P. 37 ................................................................................................ 5, 20, 21

*Fed. R. Civ. P. 45 ................................................................................................ *passim*

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 2459 (3d ed. 2008) ............................................................................................... 7

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 2463.1. (3d ed. 2008) ......................................................................................... 12

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA
TO MY-CHAU NGUYEN AND IN SUPPORT OF CROSS-MOTION
TO COMPEL COMPLIANCE WITH SUBPOENA OR, IN THE
ALTERNATIVE, TRANSFER TO THE DISTRICT OF DELAWARE**

Fraunhofer hereby files this combined memorandum (1) in opposition to Ms. Nguyen's motion to quash and for a protective order and (2) in support of its motion to compel the deposition of Ms. Nguyen and for sanctions or, in the alternative, to transfer this miscellaneous action to be consolidated with the related action pending in the District of Delaware (*Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung e.V v. Sirius XM Radio, Inc.*, No. 17-184-JFB-SRF). Pursuant to the requirement in this District that combined documents be filed separately for the purposes of docketing, this document is being filed as two separate ECF events, although the memorandum of points and authorities is identical in both cases.

This miscellaneous action regarding the subpoena to Ms. Nguyen is related to a patent lawsuit that Fraunhofer filed against SXM in the District of Delaware over four years ago. Ms. Nguyen served as SXM's Senior Vice President of Sales and Marketing before her retirement in 2020. She worked in senior management at SXM for over 14 years, where she was involved with sales and marketing for the very products and services that Fraunhofer has accused of patent infringement, during the exact period of time when such infringement is alleged to have occurred. SXM's counsel continues to represent Ms. Nguyen, but has steadfastly refused to make her available for deposition in response to Fraunhofer's subpoena.

No legitimate excuse has been offered for Ms. Nguyen's refusal to appear for deposition. There is no dispute that the subpoena was properly issued and served on October 26, 2020. There is also no dispute that Ms. Nguyen is in possession of substantial information relevant to Fraunhofer's claims against SXM. Indeed, SXM specifically identified Ms. Nguyen in its Rule 26 disclosures as a witness with relevant knowledge. Nor can Ms. Nguyen articulate any burden—let

alone an undue burden—imposed by the requested discovery.  Yet despite these facts, SXM's counsel failed to file any appropriate protective motion in a timely manner, choosing instead to ignore the subpoena for months until Fraunhofer made clear (after protracted efforts to meet and confer) that it intended to move to compel and seek sanctions.  Thus, SXM's belated attempt to quash this subpoena is both procedurally improper and substantively without merit.

Accordingly, the Court should deny the motion to quash and for a protective order, and order Ms. Nguyen to appear for deposition within 14 days.  Further, because there is no substantial justification for Ms. Nguyen's failure to appear, Fraunhofer respectfully requests this Court order Ms. Nguyen and/or her counsel to reimburse the fees and costs associated with the enforcement of the subpoena.  In the alternative, Fraunhofer moves to transfer the pending miscellaneous action to the District of Delaware, where the underlying action has been pending since February 2017.

## I.    BACKGROUND

Fraunhofer is a world-renowned scientific research organization located in Germany. Fraunhofer invented and designed the "high band" system used in SXM's satellite radio service in the United States.  SXM has operated the high band system since the merger of Sirius Satellite and Radio and XM Satellite Radio in 2008 through the present.  However, SXM failed to secure the rights necessary for continued use of Fraunhofer's patented technologies.  Accordingly, Fraunhofer filed this patent lawsuit against SXM on February 22, 2017.

During the fact discovery phase of the case, SXM identified My-Chau Nguyen in its Rule 26(a) initial disclosures as an individual with knowledge relevant to this lawsuit.  Declaration of Alexis Federico ("Federico Decl."), Ex. 1 at 4.  Specifically, SXM represented that "Ms. Nguyen is the Senior Vice President, Direct Sales & Marketing for Sirius XM and may have information and knowledge concerning the marketing and promotion of Accused Products [*i.e.*, SXM's satellite radio system]."  *Id.* at 4.  Further discovery confirmed Ms. Nguyen's extensive relevant knowledge

relating to SXM's accused satellite radio system.  For example, SXM's responses to Fraunhofer's requests for production resulted in the production of literally hundreds of documents relating to marketing and promotion of these accused products and services on which Ms. Nguyen is named as an author or recipient.  Federico Decl., ¶ 2.  This was hardly surprising given Ms. Nguyen's long tenure in upper-level management.  Ms. Nguyen was hired by XM Satellite Radio (the predecessor company to SXM that first used the accused system) as a Senior Vice President in 2006.  Federico Decl., Ex. 2.  Following the merger with Sirius Satellite Radio in 2008, Ms. Nguyen was employed as a senior officer at SXM for *over a decade* (until April 2020).  *Id*.  In this role, she had sales and marketing responsibilities for the accused satellite radio system during the exact period when infringement is alleged to have occurred (including from roughly 2010 to 2018). *Id.*

In light of these facts, Fraunhofer served a Notice of Deposition of Ms. Nguyen on SXM's counsel on September 18, 2020.  Federico Decl., Ex. 3.  One week later, SXM served "supplemental" Rule 26(a) Initial Disclosures removing Ms. Nguyen's name.  Federico Decl., Ex. 4.  On October 2, 2020, after multiple rounds of meet-and-confer correspondence between the parties in an attempt to schedule depositions of SXM's witnesses, SXM informed Fraunhofer for the first time that Ms. Nguyen had recently retired, and SXM would not be making her available for deposition.  Federico Decl., Ex. 5.  Instead, SXM offered to produce SXM's new Chief Marketing Officer (Denise Karkos), who had only recently joined SXM in October 2019.  *Id.* at 2.

On October 19, 2020, Fraunhofer prepared and filed a notice of non-party subpoena to Ms. Nguyen with the Delaware court.  Federico Decl., Ex. 6.  Fraunhofer asked whether counsel for SXM would accept service of this subpoena, but received no response.  Federico Decl., Ex. 8 at 2. Accordingly, Fraunhofer proceeded to personally serve Ms. Nguyen with the subpoena on October

26, 2020.  Federico Decl., Exs. 6, 7.  The next day, counsel for SXM wrote that it would be representing Ms. Nguyen in connection with her subpoena, and requested that all further correspondence on the matter to be directed to them.  Federico Decl., Ex. 8 at 1.

On October 30, 2020, SXM's counsel proposed December 11 as the date on which Ms. Nguyen would be available for deposition.  Federico Decl., Ex. 9.  For well over a month, the parties continued to have exchanges regarding various aspects of deposition scheduling, and the calendar exchanged between the parties consistently included the December 11 date for Ms. Nguyen.  *See, e.g.*, Federico Decl., Ex. 10 at 2, 4, 15.  During this time (including during a meet-and-confer held on November 13), counsel for SXM never suggested that Ms. Nguyen was unavailable or would refuse to appear as scheduled.  *See* Federico Decl., Ex. 10.  Fraunhofer accordingly prepared and served an amended notice of deposition for Ms. Nguyen with the December 11 date.  Federico Decl., Ex. 11.

After the close of business on Friday, December 4, counsel for SXM served an (untimely) set of boilerplate objections for Ms. Nguyen, including a statement that the witness might "not agree to appear for deposition."  Federico Decl., Ex. 12 at 1.  The parties then met and conferred on Monday, December 7—just four days before Ms. Nguyen's deposition had long been scheduled to go forward. Federico Decl., ¶ 5.  Counsel for SXM then revealed, for the first time, that it was refusing to produce Ms. Nguyen altogether based on a supposed relevance objection.  *Id.*  No agreement was reached on the call, although the parties afterwards continued their meet-and-confer efforts.  Fraunhofer pointed out that, at a minimum, Ms. Nguyen (or her counsel) needed to file a motion to quash or a motion for protective order if she sought to suspend the obligation to appear for deposition.  *See* Federico Decl., Ex. 13.  However, no such motion was filed, and Ms. Nguyen ultimately failed to appear at the noticed date and time.  Federico Decl., Ex. 14.

On December 22, 2020, Fraunhofer and SXM filed a joint motion seeking the Delaware court's assistance to resolve a number of discovery disputes, including SXM's failure to produce Ms. Nguyen for deposition.  Federico Decl., Ex. 15.  The parties then submitted competing letter briefs. Federico Decl., Exs. 16, 17.  In its brief filed on January 12, 2021, SXM raised a new argument never mentioned during the parties' earlier written or telephonic meet-and-confer communications: that the Delaware court supposedly lacked jurisdiction to resolve the dispute regarding the subpoena to Ms. Nguyen.  Federico Decl., Ex. 17 at 1-2.

At a telephonic hearing held on January 15, 2021, Magistrate Judge Fallon denied Fraunhofer's motion without prejudice on jurisdictional grounds but made clear that her order "should not be interpreted as sanctioning any failure to cooperate in coordination with discovery" and encouraged SXM "that to the extent you're in contact with these witnesses and have influence over them appearing and giving deposition testimony . . . [t]he path should be to accommodate that if possible rather than frustrate it":

> Having heard the arguments of counsel and having read the submissions, the motion to compel depositions of Mr. Egan and Ms. Nguyen is denied without prejudice for the following reasons. And this denial, I want to say up front, ***should not be interpreted as sanctioning any failure to cooperate in coordination with discovery***, nor does it sanction perpetuation of discord between the parties in going forward with the progress of discovery. So please don't interpret my order as tolerating any of that should the Court find, and I'm not making a finding at this time, but based on what I'm hearing from both sides and the ability to be on the same page with respect to coordination have depositions. I'm a little bit concerned that there's a -- going to be a perpetuation of discord between the parties. And I really don't want to see that.

> But the substantive -- the reason for my ruling, first off, are the federal rules. I can only grant relief to the extent the federal rules permit the Court in the district where the relief is sought to grant that relief. And Fraunhofer has not shown how this Court has jurisdiction to enforce subpoenas served in North Carolina and Washington, D.C., under rule 37(A)(2) and rule 45(F) which require enforcement

- 5 -

in the court where compliance is required unless that court transfers the matter to this court. . . .

So as I said at the start, you know, this is ***without prejudice for plaintiff to file any motion. I gave an example of a motion seeking a rule to show cause from the court of compliance as to why each of these witnesses shouldn't be held in contempt for failure to comply to the subpoena***, but you know there may be other forms of relief that the plaintiff could pursue. I'm not making any strategy decisions certainly for Fraunhofer. That is up to Fraunhofer as to how it wants to proceed. ***But I will tell Sirius XM that to the extent you're in contact with these witnesses and have influence over them appearing and giving deposition testimony, let's again stop the discord and try and get to a practical resolution. Fraunhofer wants to take these depositions. It is going to pursue the means to take these depositions. The path should be to accommodate that if possible rather than frustrate it.*** So that is what I will say on the record for that.

Federico Decl., Ex. 18 at 50-53.

Following this hearing, Fraunhofer again attempted to work with SXM's counsel to set a date for the deposition of Ms. Nguyen and to avoid further motion practice.  However, despite further correspondence and a meet-and-confer held on February 5, 2021, SXM's counsel steadfastly refused to produce Ms. Nguyen for deposition.  Federico Decl., at ¶ 3, 6, Ex. 19.  Instead, SXM's counsel represented that it would file a motion to quash the following week (i.e., by February 12, 2021).  Federico Decl., ¶ 3.  When no motion was filed, Fraunhofer followed up with SXM's counsel, who assured Fraunhofer that it would file the motion on February 17.  Federico Decl., Ex. 20 at 4.  That date also passed without any motion being filed, with SXM's counsel offering the new explanation that it intended to file its motion "in due course."  Federico Decl., Ex. 20 at 2.  Counsel for SXM ultimately filed its motion with this court on February 19, 2021, and only after Fraunhofer made clear its intent "to move forward with this deposition (including a motion to compel and request for sanctions as appropriate)."  *See id*. at 1.

## II. THE MOTION TO QUASH SHOULD BE DENIED

The motion to quash and for a protective order can and should be denied as Ms. Nguyen is clearly is in possession of unique and relevant knowledge specifically pertaining to the subject matter of Fraunhofer's patent suit against SXM. There is no evidence whatsoever that appearing for a deposition will impose any burden on Ms. Nguyen, let alone an undue burden. And the motion to quash is procedurally invalid as counsel for SXM improperly ignored the subpoena for months rather than timely seeking relief from this Court.

### A. Ms. Nguyen Possesses Unique Knowledge Relevant to the Marketing and Promotion of the Accused Products

The Federal Rules broadly permit discovery that may be "relevant to any party's claim or defense." *Meixing Ren. v. Phoenix Satellite Television (US), Inc.*, 2014 WL 12792707 at *2 (D.D.C. Oct. 14, 2014) (allowing discovery "if there is any possibility that the information sought may be relevant to the claim or defense of any party"). This liberal standard of discoverability applies equally to any non-parties that may be within the subpoena power of federal courts. *See, e.g.*, *Stati v. Republic of Kazakhstan*, 2020 WL 3259244, at *4 (D.D.C. June 5, 2020) (citing *U.S. Dep't of the Treasury v. Pension Benefit Guar. Corp.,* 301 F.R.D. 20, 25 n.3 (D.D.C. 2014) (holding that the standard for relevance remains the same for subpoenas of non-parties); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008)).

It is the person resisting discovery that bears the burden of showing that the subpoena need not be complied with. *Linder v. Dept. of Def*., 133 F.3d 17, 24 (D.C. Cir. 1998) ("The burden of proving that a subpoena is oppressive is on the party moving to quash."). This is a "particularly heavy" burden to satisfy as it "goes against courts' general preference for a broad scope of discovery." *Pension Benefit*, 301 F.R.D. at 25, 28 (citing *North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005)). This "general preference" applies with even greater

force where "the court making [the] relevance determination has jurisdiction only over the discovery dispute, and hence, has less familiarity with the intricacies of the governing substantive law than does the court overseeing the underlying litigation." *Ecomission Sols., LLC v. CTS Holdings, Inc.*, 2016 WL 4506974, at *1 (D.D.C. Aug. 26, 2016). Accordingly, relief from subpoena compliance will not be granted except as an "extraordinary measure" where necessary to address privilege concerns or specifically proven evidence of undue burden. *Pension Benefit*, 301 F.R.D. at 25 ("The quashing of a subpoena is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances."); *Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005) (same).

The burden required to avoid compliance with a subpoena has clearly ***not*** been satisfied here. SXM has expressly admitted Ms. Nguyen is in possession of relevant information after 14 years serving in a senior management position at SXM regarding marketing for the very products accused of patent infringement in this case. *See* Federico Decl., Exs. 1 & 2; Dkt. 1-1 ("SXM Motion") at 16 (admitting relevance of Ms. Nguyen's marketing-related knowledge). Counsel for SXM has failed to identify ***any*** burden Ms. Nguyen would face if required to comply with the subpoena, let alone an undue burden. Instead, Ms. Nguyen seeks to avoid compliance based solely on vague allegations that the information sought is "cumulative" or "unnecessary." *Id*. at 17-19. But in the absence of specific facts supporting counsel's assertion that Ms. Nguyen does not possess "unique knowledge," SXM's hand-waving is an insufficient basis to quash the subpoena. *See Flanagan*, 231 F.R.D. at 105 (denying motion to quash because non-party "failed to present any evidence, or even any claim, of harm she will suffer by submitting to the . . . proposed deposition.").

As shown above in Section I, SXM has expressly admitted the relevance of Ms. Nguyen's knowledge and experience, which specifically relates to the products accused of infringement in this case. And, tellingly, Ms. Nguyen's motion to quash makes no attempt to argue that the information she possesses is irrelevant to the Delaware action. Indeed, throughout the fact discovery period, Fraunhofer has sought information from SXM relating to the marketing and promotion of the accused products for the time period from 2008 (when SXM was formed following the merger of its predecessor companies) through the present. This information is highly relevant to Fraunhofer's claims because it bears directly on, for example, the value of the accused products, SXM's pricing, SXM's decision to promote the "high band" system after the merger in 2008, and SXM's competitive position in the marketplace, among other key issues—all of which are relevant to Fraunhofer's patent infringement claims and its resulting damages.

SXM admitted that Ms. Nguyen is in possession of highly relevant information when it identified her as a person with "knowledge relevant to this case" on its initial disclosures. *See* Federico Decl., Ex. 1, at 3, 4. Ms. Nguyen served as a senior marketing executive for SXM from 2008 to 2020, and in a similar position for XM Satellite Radio prior to the merger. *See* Federico Decl., Ex. 2. The fact that Ms. Nguyen left SXM less than a year ago did not somehow erase that extensive knowledge based on over a decade of experience. Thus, the discovery Fraunhofer seeks from Ms. Nguyen falls squarely within the scope of Fed. R. Civ. P. 26(b)(1). *See, e.g.*, *Meixing Ren,* 2014 WL 12792707 at *2 ("[W]ith respect to a Rule 45 subpoena, [a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.") (internal citation omitted).

The only other excuse that has been offered for Ms. Nguyen's non-compliance is that the discovery is "unreasonably cumulative," because SXM has identified another witness to be

deposed in place of Ms. Nguyen.  However, the "replacement" witness, Denise Karkos, has only been at SXM since October 2019 (Federico Decl., Ex. 21), and had no involvement in marketing efforts regarding the accused products and services over the relevant time period.  In short, Ms. Nguyen possesses first-hand knowledge relevant to Fraunhofer's claims; Ms. Karkos does not.

Nonetheless, SXM's counsel asserts that Ms. Nguyen should not be required to comply with the subpoena because Fraunhofer did not spend time during Ms. Karkos' deposition introducing documents authored or received by Ms. Nguyen, and argues that this is somehow indicative of "their lack of importance." *See* SXM Motion at 18.  Not so.  Fraunhofer introduced and questioned Ms. Karkos about numerous marketing-related documents produced by SXM, including documents that predated Ms. Karkos' tenure at the company.  Ms. Karkos was unable to even recognize many of these documents, let alone provide relevant testimony.  *See* SXM Motion, Ex. 4 (Karkos Dep. Tr.) at 67:7-68:5; 72:6-22; 73:14-74:4; 76:17-77:21; 98:6-24; 103:6-16; 105:25-106:19; 108:13-109:4; 112:2-113:5; 129:1-130:9; 139:21-140:8; 141:14-143:6.  Certainly Fraunhofer was not obligated to spend its limited deposition time in futile efforts introducing documents authored or received by a different witness.

Indeed, Ms. Karkos' was an inadequate and unprepared Rule 30(b)(6) representative, and her deposition testimony revealed additional deficiencies in SXM's discovery responses and document production, which Fraunhofer detailed in a letter sent to SXM's counsel shortly after her deposition.  *See, e.g.*, SXM Motion, Ex. 35.  Thus far, SXM has refused to correct these deficiencies, casting serious doubt on the representation made in its motion to quash that "to the extent Fraunhofer claims it still needs additional marketing-related information that it was not able to obtain from Ms. Karkos, including authentication of marketing-related documents, Sirius XM

can readily consider these requests without the need to burden a retired third party." SXM Motion at 18-19.

In light of these deficiencies and SXM's ongoing refusal to cooperate with the discovery process in good faith, the Court should reject SXM's self-serving assertions that "Ms. Nguyen does not have unique knowledge relevant to the Delaware action" and therefore "there [is] no longer any reason for her deposition." *Id*. at 4, 18. This district has held that "[a] professed lack of knowledge typically does not constitute good cause and is insufficient to warrant the quashing of a deposition." *Alexander v. F.B.I.*, 186 F.R.D. 60, 64 (D.D.C. 1998). Instead, the subpoenaing party "should be permitted to test [a] lack of knowledge and to question [the witness] on matters directly related to [the] case." *See* Federico Decl., Ex. 22 (Memorandum Opinion and Order, *Robert G. Darling v. Laurence N. Girard*, No. 15-mc-499, D.I. 20, at 15 (D.D.C. July 20, 2015) (Howell, J.) (denying non-party's motion for a protective order and affording his self-professed lack of unique knowledge "minimal weight in the Court's determination."). Because Ms. Karkos just recently joined SXM, was not employed by SXM during the time period relevant to this case, and has already demonstrated a lack of knowledge during her own deposition, Fraunhofer has substantial reason to believe that Ms. Nguyen possesses non-cumulative information regarding the marketing and promotion of the accused products that it cannot obtain from other sources. In short, Fraunhofer is entitled to take Ms. Nguyen's deposition and assess the extent of her knowledge itself. It is not required to take SXM at its word.

### B. Compliance with the Subpoena Will Not Impose an Undue Burden on Ms. Nguyen

Ms. Nguyen's motion to quash also offers no reason (much less evidence) suggesting that compliance with the subpoena would impose an undue burden. Indeed, the only "burden" identified is the alleged burden of appearing for the deposition itself. *See* SXM Motion at 18

(arguing that Ms. Nguyen's possession of relevant knowledge "does not justify burdening her with a deposition").  This argument is entirely inadequate to support a motion to quash.

A party resisting a subpoena "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena."  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1. (3d ed. 2008).  Instead, the resisting party "must articulate specific facts to support its request."  *Jennings v. Fam. Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) (denying motion for protective order where party "relie[d] on conclusory, speculative statements . . . rather than demonstrating evidence of specific harm that will result to [the deponent] if she is made to testify."); *see also Flanagan*, 231 F.R.D. at 105 (denying motion to quash because non-party "failed to present any evidence, or even any claim, of harm she will suffer by submitting to the . . . proposed deposition.").  SXM has previously suggested that requiring Ms. Nguyen to appear for deposition would be burdensome because she is now "retired." Federico Decl., Ex. 17 at 2.  But if anything, this should result in less burden to Ms. Nguyen, as the deposition can be scheduled without interference with daily work responsibilities.  Moreover, Fraunhofer has offered to conduct this deposition remotely via Zoom from the convenience of the witness's home, just as it has done for other SXM witnesses in this case.  Federico Decl., Ex. 11.

To the extent that SXM's counsel is arguing that forcing Ms. Nguyen's to appear for deposition would impose a burden on **SXM** (as opposed a burden on Ms. Nguyen), that is not a cognizable burden for purposes of the motion to quash.  *See, e.g.*, SXM Motion at 6 (accusing Fraunhofer of "attempt[ing] to force Ms. Nguyen's deposition to take place over **Sirius XM's objections**").  SXM has never alleged a claim of privilege or interest in Ms. Nguyen's testimony, and therefore does not have standing on its own to challenge her subpoena. *See, e.g., Washington*

*v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005) ("a party [to a dispute] . . . lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter.").

The cases cited by SXM's counsel are inapposite and not accurately characterized.  For example, SXM cites the court's summary of the movant's argument in *Wyoming v. U.S. Dept. of Agriculture* to suggest that the court's decision turned on the burden that compliance with a document subpoena would impose on the non-party.  208 F.R.D. 449, 454 (D.D.C. 2002).  But there, the "threshold issue before the court [was] whether the information Wyoming seeks is relevant to its claim . . . The court concludes that it is not." *Id*. at 453 (emphasis added).  Thus, the court's decision turned on the irrelevance of the subpoenaed documents, not the movant's claim of undue burden.  *See id*.

In *Nidec Corp. v. Victor Co. of Japan*, the requested discovery consisted of documents that the ***party defendant*** had originally provided to the subpoenaed third-parties.  249 F.R.D. 575, 577 (N.D. Cal. 2007).  Neither party disputed that the plaintiff could obtain the exact documents it sought from the defendant, rather than through a subpoena.  *Id*.  That is not the case here, where Fraunhofer is seeking deposition testimony rather than documents.  *See Low v. Whitman*, 207 F.R.D. 9, 10 (D.D.C. 2002) ("[I]n the case of a protective order related to deposition testimony, courts regard the complete prohibition of a deposition as an 'extraordinary measure[] which should be resorted to only in rare occasions.'") (citing *Jennings*, 201 F.R.D. at 275).  Moreover, Fraunhofer has already deposed SXM's purported "replacement" witness and confirmed her lack of relevant knowledge.

And in *Sourgoutsis v. U.S. Capitol Police*, the plaintiff sought testimony from a high-ranking official regarding the Capitol Police's "disciplinary practices and policies and their

application to other employees."  323 F.R.D. 100, 115 (D.D.C. 2017).  The court quashed the subpoena in part because the plaintiff had already deposed multiple officials who, unlike the subpoenaed non-party, had first-hand knowledge of the plaintiff's individual case.  *Id*.  The opposite result is warranted here, where SXM has offered Fraunhofer a "replacement" witness who joined the company less than 18 months ago and, unlike Ms. Nguyen, had no involvement in marketing efforts regarding the accused products and services over the relevant time period.

Finally, SXM's argument is inconsistent with the position it has taken with respect to Fraunhofer witnesses.  Specifically, SXM has repeatedly rejected offers by Fraunhofer to provide corporate testimony rather than proceed with depositions of non-party witnesses formerly affiliated with Fraunhofer (such as inventors in Germany who are not presently employed by Fraunhofer). *See, e.g.*, Federico Decl., Ex. 20 at 1.  SXM's one-sided approach suggests that it has no problem imposing deposition burdens on non-parties so long as they are not former SXM executives.  And it undermines any possible argument by SXM that it may unilaterally elect to provide a different witness of its choosing to avoid the "burden" of producing Ms. Nguyen for deposition pursuant to a duly issued subpoena.

### C.    The Court Should Deny the Motion to Quash as Untimely

Moreover, the failure by SXM's counsel to timely bring any motion for a protective order or motion to quash means that it has forfeited any argument against proceeding with Ms. Nguyen's deposition.  Rule 45 requires that a motion to quash or modify a subpoena in the court of compliance must be made in a "timely" manner.  Fed. R. Civ. P. 45(d)(3).  Generally, courts have interpreted "timely" as "within the time set in the subpoena for compliance."  *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am,, Inc.*, 238 F.Supp.2d 270, 278 (D.D.C. 2002) (citing *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D. N.Y.2002) ("the motion to quash should be brought before the noticed date of the scheduled deposition" and non-party's "blatant disregard of

the subpoena [was] inexcusable.").  Thus, motions to quash filed after a subpoena's compliance deadline have been rejected for failure to comply with Rule 45. *See, e.g.*, *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 220 (D.D.C. 2015), *adopted in relevant part by* 2015 WL 13759884 (D.D.C. Nov. 13, 2015) (motion to quash deemed untimely where not filed with 28-day response period); *see also In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 348-350 (W.D. Va. 1999) (motion to quash deemed untimely where filed two months after subpoena was due).

Under this standard, a finding of waiver in this case is clearly warranted.  SXM's counsel did not file its motion to quash until February 19, 2021—more than three months after the original date of compliance provided in the subpoena (Federico Decl., Ex. 6), over two months after the date that SXM itself set for Ms. Nguyen's deposition, and two months after Fraunhofer asked the Delaware court to compel Ms. Nguyen's appearance, confirming the parties' inability to resolve the matters without resort to the court.  Federico Decl., Ex. 9, Ex. 15. SXM's counsel was given repeated opportunities to file such a motion, and simply failed to do so in a timely manner as required.

In its motion to quash, SXM attempts to distract the Court from the untimeliness of its own filing through specious allegations of Fraunhofer's "refusal" to meet-and-confer.  SXM Motion at 19.  As an initial matter, these allegations are patently untrue.  The record reflects at least three separate telephonic meet-and-confers and countless emails regarding Ms. Nguyen's deposition. See, e.g., Federico Decl., ¶¶ 3-6, Exs. 5, 8-10, 13, 19-20.  Moreover, Fraunhofer was not obligated to "explain the basis for its subpoenas" to SXM's satisfaction before compliance was required (*cf.* Federico Decl., Ex. 8), ***particularly where SXM had already admitted the relevance of Ms. Nguyen's testimony***.  Nor did Fraunhofer have to satisfy any burden of proving "relevance" as a

prerequisite for pursuing deposition discovery, as "[t]he 'burden of proving that a subpoena is oppressive is on the party moving to quash.'"  *Linder*, 133 F.3d at 24.

Nevertheless, despite having no obligation to do so, Fraunhofer repeatedly explained the basis for its requests in email correspondence and during the parties' meet-and-confers.  *See, e.g.,* Federico Decl., Exs. 5, 9, 10, 13.  For example, during the parties' telephonic meet-and-confer on November 13, 2020, Fraunhofer explicitly explained its basis for seeking Ms. Nguyen's deposition, and asked SXM to inform it right away if it was not going to produce Ms. Nguyen or any other witness on the dates that SXM had offered.  Federico Decl., ¶ 3-4.  SXM simply failed to do this.  *Id*.

Instead, SXM waited until December 7, just four days before Ms. Nguyen's deposition, to inform Fraunhofer that it was refusing to produce Ms. Nguyen based on a newly minted "relevance" objection.  *See* Federico Decl. ¶ 3, Ex. 13.  After learning this, Fraunhofer pointed out that the untimely boilerplate objections SXM served on December 4 did not suspend Ms. Nguyen's obligation to appear for deposition.  Federico Decl., Ex. 13.  In contrast to Fed. R. Civ. P. 45(d)(2)(B), which applies to document subpoenas, there is no Federal Rule permitting a party to serve written objections to a deposition subpoena as a mechanism for avoiding compliance.  *Compare* Fed. R. Civ. P. 45(d)(2)(B) *with* Fed. R. Civ. P. 45(d)(3); *see also Flanagan,* 231 F.R.D. at 103 ("[T]his Court has previously expressed its preference that a deposition proceed and the deponent assert her objections during the deposition, thus allowing the deposing party to 'develop circumstantial facts in order to explore the propriety of the . . . objection.'").  Thus, Ms. Nguyen was required to file her own motion to quash if she did not intend to appear for her deposition as

scheduled.  No such motion was filed, and Fraunhofer was forced to raise this dispute before the Delaware court.[1]

While Judge Fallon denied without prejudice Fraunhofer's motion to compel for lack of jurisdiction, the court made clear that the order "should not be interpreted as sanctioning any failure to cooperate in coordination with discovery" and issued a clear directive to SXM that "[t]he path should be to accommodate [Fraunhofer's request] rather than frustrate it." Federico Decl., Ex. 18 at 50:22-24; 53:7-16.  Yet SXM's counsel steadfastly refused to cooperate and delayed filing any motion to quash.  Federico Decl., Exs. 19, 20.

The only other explanation SXM's counsel gives for its delay is the unfounded claim that, when Fraunhofer agreed not to pursue the deposition of a different non-party witness (Mr. Egan), SXM's counsel "expected that Fraunhofer would forego Ms. Nguyen's deposition as well."  SXM Motion at 20-21.  However, the cited evidence decisively rebuts this claim, as the very next sentence of Fraunhofer's email states exactly the opposite of what SXM says it "expected": "Regarding Ms. Nguyen, **we do not agree with your proposal** and thus it appears the parties remain at an impasse regarding her deposition."  Federico Decl., Ex. 20.  Thus, the factual record provides no support whatsoever for SXM's unjustified delay.

The cases relied upon by SXM's counsel are all either inapposite or actually support a finding of waiver.  For example, in *In re Keebaugh*, the Pennsylvania court actually found that the defendant's motion to quash the plaintiff's document subpoena was untimely where it was filed

---

[1] SXM points to Fraunhofer's response to the deposition subpoena that SXM served on Fraunhofer's litigation counsel, Alan Friedman, in an attempt to demonstrate the parties' "understanding in connection with objections."  SXM Motion at 11.  But Mr. Friedman served these objections to preserve them for the record, ***not*** in an attempt to avoid compliance with a subpoena.  Indeed, unlike Ms. Nguyen, Mr. Friedman duly appeared for his deposition as scheduled.

twenty days after the date of compliance.  2019 WL 5802703, at *2 (E.D. Pa. Nov. 6, 2019) ("On September 18, 2019, twenty days after the subpoena return date, IBM filed the instant motion to quash the subpoena.  We conclude IBM's motion to quash is untimely.").  However, the court found that good cause existed to excuse the untimely motion because doing so "would result in disclosure of confidential material subject to a protective order in another case."  *Id*. at 3. ("This ground alone constitutes 'good cause' sufficient to excuse the untimeliness.").  No such circumstances exist here.

And in *Dr. Greens, Inc. v. Spectrum Labs., LLC*, the Kansas court declined to find the non-party's motion to quash untimely because it was brought primarily pursuant to Fed. R. Civ. P. 45(c)(3)(B), which "[u]nlike subparagraph (A) . . . invokes the discretion of the Court to modify or quash a subpoena that requires certain disclosures or lengthy travel by a non-party who is not an officer of a party.  While both provisions require a motion to prompt court action, ***only the mandatory provision expressly requires that the motion be timely filed***."  2012 WL 3111746, at *1 (D. Kan. July 31, 2012) (emphasis added).  And while the court excused the untimeliness to the extent the non-party relied on Fed. R. Civ. P. 45(c)(3)(A), it did so because the non-party filed "its motion to quash within the time for responding to [subpoenaing party's] motion to compel" finding the motion to compel "confirmed an inability to resolve the matters without resort to the court." *Id*.  Here, Fraunhofer asked the Delaware court to compel Ms. Nguyen's deposition in ***December***, two months before SXM's counsel filed the instant motion to quash.  Here, there is no good cause to permit Ms. Nguyen's untimely motion, and SXM's counsel provides no authority to the contrary.

In short, the motion to quash is both untimely as well as lacking substantive merit in light of Ms. Nguyen's clear relevance and the lack of any evidence of undue burden. The motion should be denied.

## III.   MS. NGUYEN'S DEPOSITION SHOULD BE COMPELLED AND SANCTIONS IMPOSED

In addition to opposing the motion to quash, Fraunhofer also affirmatively moves pursuant to Fed. R. Civ. P. 45 to compel Ms. Nguyen to comply with Fraunhfoer's subpoena and appear for deposition within 14 days.

It is commonplace to address motions to quash simultaneously with a motion to compel. *See, e.g.*, *Jennings*, 201 F.R.D. 272; *In re Nonparty Subpoenas Duces Tecum*, 327 F.R.D. 23 (D.D.C. 2018); *HT S.R.L*, 125 F. Supp. 3d at 220.  This is because "[d]eciding an opposing party's motion to compel is 'the functional equivalent' of deciding his adversary's motion to quash," and "the same legal standard governs both issues."  Federico Decl., Ex. 22 (*Robert G. Darling*, No. 15-mc-499, D.I. 20, at 15 (citing *Millennium TGA, Inc. v. Comcast Cable Commun. LLC,* 286 F.R.D. 8, 10-11 (D.D.C. 2012)); *see also Watts v. S.E.C.,* 482 F.3d 501, 508 (D.C. Cir. 2007).

As noted above, Rule 26(b)(1) broadly permits discovery that may be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also Meixing Ren.*, 2014 WL 12792707 at *2 (allowing discovery "if there is any possibility that the information sought may be relevant to the claim or defense of any party").  In this case, SXM has expressly admitted that Ms. Nguyen is in possession of relevant information after fourteen years of serving in a senior role at SXM involving the very products accused of patent infringement in this case. Federico Decl., Exs. 1, 2. Thus, it is the one resisting discovery who bears the burden of showing that the subpoena need not be complied with.  *See U.S. ex rel. Strauser v. Stephen L. LaFrance Holdings, Inc.*, 2020 WL 2496986, at *2 (D.D.C. May 14, 2020) ("On a motion to compel, '[t]he burden lies on the party

resisting discovery to show that the documents requested are either unduly burdensome or privileged.'") (quoting *In re Micron Tech., Inc. Securities Litig.*, 264 F.R.D. 7, at 9 (D.D.C. 2010)).

For the reasons outlined in Section II above, it is clear that counsel for SXM has not met its burden here, as it has utterly failed to marshal the "specific facts" necessary to warrant the "extraordinary measure" it seeks. Accordingly, the Court should grant Fraunhofer's motion to compel Ms. Nguyen's compliance with the subpoena. *Jennings*, 201 F.R.D. at 275 (granting motion to compel and finding that "the complete prohibition of a deposition [i]s an extraordinary measure[ ] which should be resorted to only in rare occasions.").

Finally, because no substantial justification has been offered for completely ignoring the subpoena in this case, an award of sanctions is appropriate in the amount of fees and costs expended to enforce the subpoena. For example, Rule 45 makes clear that, if a deponent "fails . . . to obey [a] subpoena," he or she may be deemed "in contempt" of court. Fed. R. Civ. P. 45(g); *see also Luv N' Care, Ltd. v. Laurain*, 2019 WL 4696399, *2 (D. Nev. Sept. 26 2019) (court not required "to order compliance with a properly-issued subpoena before making a contempt determination under Rule 45(g)"). Similarly, Rule 37 "expressly permit[s] the award of expenses against a nonparty deponent or his attorney or both of them who refuses to answer a question or questions at a deposition whose answers have to thereafter be compelled." *Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 200, 208 (D.D.C. 1998); *see also Aetna Cas. and Sur. Co. v. Rodco Autobody*, 130 F.R.D. 2, 3, 4 (D. Mass. 1990) (holding that "the fact that objections were served is *no excuse whatsoever* not to attend the deposition" and finding "the costs, including reasonable attorney's fees, incurred in obtaining an order compelling a non-party-deponent to appear for a deposition when the non-party has failed to do so are recoverable pursuant to Rule 37(a)[.]"); Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is

provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). And Rule 30 permits courts to "impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

As demonstrated above, counsel for SXM chose to willfully refuse to produce Ms. Nguyen for months despite extensive meet-and-confer efforts on the part of Fraunhofer. Indeed, SXM remained steadfast in its refusal even after the Delaware Court counseled SXM to try to "accommodate" the deposition "rather than frustrate it." Federico Decl., Ex. 18 at 53:7-16. There was never any legitimate basis for Ms. Nguyen not to appear given her extensive knowledge and admitted relevance to the case. It is therefore only appropriate that Ms. Nguyen and/or her counsel provide reimbursement for the fees and costs that were unnecessarily expended in enforcing this subpoena.

## IV.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF DELAWARE

In the alternative, the Court may exercise its discretion and choose to simply transfer this miscellaneous action to the District of Delaware, where the underlying patent infringement action between Fraunhofer and SXM has been pending for over four years. Indeed, this case presents exactly the sort of "exceptional circumstances" that allow for transfer under Federal Rule of Civil Procedure 45(f).

The related case in Delaware is a highly complex patent matter that has been pending *for over four years*. Judge Bataillon and Magistrate Judge Fallon have devoted significant resources toward adjudicating this suit, including substantive issues relating to the asserted patents. Judge

Fallon in particular has presided over numerous discovery disputes between the parties, some of which involved directly relevant issues such as the availability of non-party depositions. Moreover, it appears likely that the parties' disputes regarding the insufficiency of Ms. Karkos' Rule 30(b)(6) deposition and SXM's deficient production of marketing-related documents will soon be presented for resolution by Judge Fallon as well.  All of these issues bear directly on matters implicated by Ms. Nguyen's subpoena.  *See Lipman v. Antoon*, 284 F. Supp. 3d 8, 14 (D.D.C. 2018) (transferring motion to quash and finding that "given the close relationship between the motion to quash and the merits of the complex underlying dispute, the issuing court [would be] in a better position to rule on the motion.").

Indeed, Judge Fallon even has some familiarity already with the instant dispute, as she considered the parties briefs and arguments with respect to Ms. Nguyen's subpoena during the discovery teleconference held on January 15, 2021.  Federico Decl., Exs. 15-17; *see Wultz v. Bank of China*, 304 F.R.D. 38, 46 (D.D.C. 2014) (transferring subpoena-related motions in "highly complex" litigation where issuing court "is in better position to rule . . . due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation" and to further "the interest in obtaining consistent rulings on the issues presented").

Moreover, at least one of the arguments advanced by SXM's counsel—that Ms. Nguyen's testimony is allegedly duplicative of discovery that Fraunhofer has already obtained—would be most efficiently resolved by the court with the greatest familiarity with the discovery that has been provided to date.  At least one recent decision in this district have found that circumstances such as these present a compelling case for transfer, as "the issuing court is already immersed in the discovery taking place between the parties . . .  [and therefore] is better positioned to scrutinize

this duplication argument." *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 47 (D.D.C. 2016); *id.* at 48 ("[T]he issuing court's familiarity with both the issues and the parties in the underlying action strongly counsels in favor of transferring its motion to quash to that court.").

While non-parties, like Ms. Nguyen, have an interest in obtaining local resolution of subpoena-related motions, this interest "must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 2014 WL 4954368, at *3 (D.D.C. Oct. 3, 2014). "To carry out this balancing test, courts . . . consider[ ] 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation'" in addition to "the goals of judicial economy and the avoidance of inconsistent results." *Lipman*, 284 F. Supp. 3d at 10.

In this case, the limited interest of Ms. Nguyen in resolving this matter locally is considerably outweighed by the interests in ensuring the efficient, fair and orderly progress of the Delaware action. In fact, there is no indication that transfer would impose any burden or cost on Ms. Nguyen at all. Ms. Nguyen is represented by counsel for SXM, who are located in New York and has already been litigating the related action in Delaware for the last four years. *See id.* at 11 ("[T]he general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced" where non-party was "represented by a firm familiar with this litigation and the issuing court."). And in any event, transfer of this miscellaneous action would not impact the logistics of the depositions itself. If Fraunhofer's motion to compel is granted, Ms. Nguyen's deposition will be conducted remotely via Zoom from the convenience of the witness's home, just as Fraunhofer has done for other SXM witnesses in this case. Federico Decl., Ex. 11.

Given the complex nature of this case, the substantial overlap in issues relating to the parties' various discovery disputes in the underlying litigation, and the absence of any burden to Ms. Nguyen, there is ample basis for the Court to exercise its discretion, in the alternative, to transfer this discovery dispute to the District of Delaware.

## V.     CONCLUSION

Fraunhofer respectfully submits that there is no valid basis for Ms. Nguyen to refuse to comply with the deposition subpoena in this case.   Accordingly, the Court should order Ms. Nguyen to appear for deposition within 14 days, with all fees and costs incurred in enforcing the subpoena to be paid by the witness and/or her counsel.  In the alternative, Fraunhofer respectfully requests the Court transfer this miscellaneous action to the District of Delaware.


Dated: March 5, 2021                          Respectfully submitted,

                                              By:  */s/ Alexis P. Federico*_____
                                                   Alexis P. Federico (D.D.C. Bar No. CA00030)
                                                   David C. McPhie (admitted *pro hac vice*)
                                                   IRELL & MANELLA, LLP
                                                   840 Newport Center Drive, Suite 400
                                                   Newport Beach, CA 92660
                                                   Telephone:  (949) 760-0991
                                                   Facsimile:   (949) 760-5200
                                                   afederico@irell.com

## **CERTIFICATE OF CONFERENCE PURSUANT TO LCvR 7(m)**

I hereby certify that counsel for Plaintiff, Fraunhofer, in the underlying litigation, has conferred with counsel for My-Chau Nguyen in a good-faith effort to resolve this matter without the necessity of this motion, but the parties have been unable to reach agreement.

_/s/ Alexis P. Federico_____

Dated: March 5, 2021

## CERTIFICATE OF SERVICE

I certify that I provided a true and correct electronic copy of the foregoing to the following counsel via electronic email on March 5, 2021:

| *Counsel for Non-party My-Chau Nguyen:*<br><br>Rebecca L. Saitta (DC Bar No. 488110)<br>Ashley Bouchez (DC Bar No. 1658447)<br>WILEY REIN LLP<br>1776 K Street, NW Washington, DC 20006<br>Tel: (202) 719-7000<br>Fax: (202) 719-7049<br>rsaitta@wiley.law<br>ABouchez@wiley.law | *Counsel for Plaintiff Fraunhofer-Gesellschaft Zur Förderung Der Angewandten Forschung E.V.*<br><br>Brian E. Farnan<br>Michael J. Farnan<br>FARNAN LLP<br>919 N. Market Street, 12th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| --- | --- |
| *Counsel for Defendant Sirius XM Radio, Inc.*<br><br>POTTER ANDERSON & CORROON LLP<br>Philip A. Rovner (#3215)<br>Jonathan A. Choa (#5319)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com | *Counsel for Defendant Sirius XM Radio, Inc.*<br><br>Jonathan S. Caplan<br>Mark A. Baghdassarian<br>Shannon H. Hedvat<br>Benu Wells<br>KRAMER LEVIN NAFTALIS<br>& FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br>MBaghdassarian@KRAMERLEVIN.com<br>SHedvat@KRAMERLEVIN.com<br>JCaplan@KRAMERLEVIN.com<br>BWells@KRAMERLEVIN.com |

/s/ *Alexis P. Federico*
Alexis P. Federico