UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V,<br>　　　Plaintiff,<br><br>　　　v.<br><br>SIRIUS XM RADIO, INC.,<br><br>　　　Defendant. | Miscellaneous Action No. 21-0014 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(November 23, 2021)

This matter comes before the Court on Petitioner's My-Chau Nguyen's [16] Unopposed Motion to Seal. This is an action to quash a subpoena issued by Plaintiff Fraunhofer Gesellschaft Zur Fodering der angewandten Forschung E.V. ("Fraunhofer") in a pending lawsuit in the United States District Court for the District of Delaware, *Fraunhofer Gesellschaft Zur Fodering der angewandten Forschung E.V. v. Sirius XM Radio, Inc.*, No. 1:17-cv-00184 ("Underlying Action"). The Underlying Action concerns four patent infringement claims filed against Sirius XM Radio, Inc. ("Sirius"). Fraunhofer seeks to depose Petitioner, a former employee of Sirius.

Petitioner's [1] Motion to Quash has been fully briefed, but Petitioner seeks to file four additional exhibits to her [15] Reply in Support of her [1] Motion to Quash under Seal. Pet'r's Mem. In Supp. at 1, ECF No. 16-1. Specifically, Petitioner seeks to file four exhibits related to Sirius' "internal marketing and business reports and communications." *Id.* Fraunhofer does not oppose the Motion.

Although there is a general preference for public access in judicial proceedings, "this right of access is far from absolute, as courts have recognized numerous exceptions to the

1

general rule of openness." *New York v. Microsoft Crop.*, No. 08-cv-1233, 2002 WL 649385, at *1 (D.D.C. Mar. 28, 2002) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). The Court considers six factors when evaluating a motion to seal:

> (1) The need for public access to the documents at issue; (2) the extent of previous public access to the documents, (3) the fact that someone has objected to disclosure and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced through judicial proceedings.

*EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). Courts regularly permit parties to file under seal where doing so "[p]rotects an entity's 'competitive standing' through retain confidentiality in business information." *Microsoft*, 2002 WL 649385, at *1.

Having reviewed the exhibits *in camera*, the Court agrees that the exhibits are of the sort that go to an entity's "competitive standing." Moreover, the court in the Underlying Proceeding has already permitted these documents to be filed under seal as "Highly Confidential – Attorneys' Eyes Only" under the court's protective order. *See* Order, ECF No. 90, Underlying Action. As such, the Court shall permit Petitioner to file the additional exhibits, labeled as Exhibits G-J in Attachment # 4 to Petitioner's [16] Unopposed Motion to Seal, under seal, and the Court shall consider those documents as if they were exhibits appended to Petitioner's [1] Motion to Quash.

Wherefore, it is hereby

**ORDERED** that Petitioner's [16] Unopposed Motion to Seal is **GRANTED**.

**SO ORDERED**.

Dated: November 23, 2021   /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge