**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MY-CHAU NGUYEN,

     *Petitioner*,

     v.

FRAUNHOFER-GESELLSCHAFT ZUR
FORDERUNG DER ANGEWANDTEN
FORSCHUNG E.V.,

     *Respondent*.

No. 21-mc-014-CKK-MAU

## MEMORANDUM OPINION

Respondent Fraunhofer Gesellschaft Zur Fodering der angewandten Forschung E.V. ("Fraunhofer") seeks sanctions against Petitioner My-Chau Nguyen for Nguyen's initial refusal to comply with a nonparty subpoena. ECF No. 14.[1] Specifically, Fraunhofer seeks a considerable amount—$180,249.12 in attorneys' fees and costs—for this discovery dispute. ECF No. 39 at 10. Nguyen opposes Fraunhofer's request and argues that this Court should not award any sanctions because she promptly complied with the subpoena after the District Court held her in civil contempt. ECF No. 42 at 10–13. Given her compliance, Nguyen also seeks to expunge that civil contempt citation. *Id*. The Court **GRANTS** Nguyen's uncontested Motion to Expunge (ECF No. 42), **DENIES** Fraunhofer's Cross-Motion for Sanctions (ECF No. 14), and **DENIES AS MOOT** Fraunhofer's Motion to Transfer (ECF No. 14) and Motion to Expedite (ECF No. 46).

---

[1]    Citations are to the page numbers in the ECF headers.

1

**BACKGROUND**

This case arises out of a Federal Rule of Civil Procedure 45 subpoena that Fraunhofer served on Nguyen in a patent infringement case pending in the U.S. District Court for the District of Delaware. *See Fraunhofer Gesellschaft Zur Fodering der angewandten Forschung E.V. v. Sirius XM Radio, Inc.*, No. 17-cv-00184, ECF No. 291 (D. Del. Sept. 18, 2020) ("Underlying Action"). The District Court's December 7, 2021, Memorandum Opinion and Order details the facts in the Underlying Action, so the Court recites only the facts relevant to this Opinion. *See* ECF No. 30 at 2–4.

On May 26, 2017, Sirius XM Radio Inc. ("Sirius"), the defendant in the Underlying Action, served its Rule 26 initial disclosures on Fraunhofer. ECF No. 14-2. Sirius identified Nguyen, Sirius' former Senior Vice President of Direct Sales and Marketing, as someone with relevant knowledge of the case. *Id.* at 5. During discovery, Fraunhofer served a notice for Nguyen's deposition on Sirius. ECF No. 14-4 at 2. Sirius promptly supplemented its initial disclosures and replaced the now-retired Nguyen with Denise Karkos, Sirius' Chief Marketing Officer. ECF No. 14-5 at 4. Sirius also informed Fraunhofer that Nguyen retired from Sirius and would be unavailable for a deposition. ECF No. 14-6 at 3.

In light of Sirius' stated inability to produce Nguyen, Fraunhofer served a Rule 45 subpoena on her, noticing her deposition for November 4, 2020. ECF No. 14-7. For some time, the Parties engaged in discussion, and Sirius—reserving all rights and objections—proposed that Fraunhofer depose Nguyen on December 11, 2021. ECF No. 14-10 at 3. The Parties' tentative agreement to depose Nguyen was short-lived. On December 4, 2020, Sirius served Fraunhofer with objections and ultimately refused to produce Nguyen. ECF Nos. 14-13–14-15. In response, the Parties filed a joint motion in the Underlying Action for a teleconference to resolve multiple

2

discovery disputes.  ECF No. 14-16.  Prior to that teleconference, Fraunhofer submitted a letter brief that argued that the Delaware District Court should compel Nguyen's deposition.  ECF Nos. 14-17 at 2.  During the teleconference, the Delaware District Court denied Fraunhofer's request to compel Nguyen's deposition because it did not have jurisdiction to enforce the subpoena served on Nguyen in Washington, D.C.  *See* ECF No. 14-19 at 14.

**PROCEDURAL HISTORY**

On February 19, 2021, Nguyen filed a Motion to Quash and a Motion for a Protective Order in this Court.  ECF No. 1.  Fraunhofer then filed a Cross-Motion to Compel, or alternatively a Motion to Transfer under Rule 45(f), and a Motion for Sanctions.  ECF No. 14.  The Court granted Fraunhofer's Cross-Motion to Compel and ordered Nguyen to appear for her deposition by January 7, 2022.  ECF No. 30 at 10.  The Court also held Nguyen in civil contempt under Rule 45(g) for failing to obey the subpoena without adequate excuse.  *Id*. at 8–9.  With respect to Fraunhofer's request for sanctions, the Court held that request in abeyance and ordered Fraunhofer to submit documentation substantiating its fees and costs.  *Id*.

Nguyen sat for her deposition on January 5, 2022, ECF No. 42 at 11, but appealed the Court's contempt citation and intent to award sanctions to the D.C. Circuit, ECF No. 31.  The D.C. Circuit held that it lacked jurisdiction over the appeal because the Federal Circuit had exclusive jurisdiction over a discovery dispute ancillary to a patent matter.  ECF No. 36.  Accordingly, the District Court ordered the Parties to file supplemental briefs "addressing the appropriateness of sanctions under the law of the Federal Circuit."  Min. Order (Mar. 28, 2023).  The Parties agreed that the Federal Circuit would apply the law of the D.C. Circuit to a review of the contempt citation and sanctions award.  *See* ECF Nos. 39 at 6–7; 42 at 9–10.  The Parties disagreed, however, on

whether the Court should award additional sanctions for Nguyen's initial noncompliance with the subpoena.

On August 31, 2023, the District Court referred "the remainder of [Fraunhofer's] [13] Cross-Motion to Compel Compliance with [the] Subpoena" to this Court, which included Fraunhofer's Motion for Sanctions.  ECF No. 44; *see* LCvR 72.2(a), (b).  While the referral was pending before this Court, Fraunhofer moved to expedite the Court's ruling on sanctions.  ECF No. 46.  Based on a review of the record, the issues remaining before this Court are: (1) whether the District Court should apply D.C. Circuit or Federal Circuit Law to the issues of contempt and sanctions; (2) whether the Court should expunge Nguyen's contempt citation; and (3) whether the Court should award Fraunhofer sanctions and, if so, the amount of any sanctions.

## **DISCUSSION**

### I.    **D.C. Circuit Law Governs the Issues of Contempt and Sanctions.**

The D.C. Circuit confirmed that the Federal Circuit has jurisdiction over any appeal in this matter.  ECF No. 36.  Nonetheless, "[w]hen reviewing non-patent law issues, such as the imposition of sanctions or the standard for contempt, [the Federal Circuit] appl[ies] the law of the regional circuit."  *Codexis, Inc. v. EnzymeWorks, Inc.*, 759 F. App'x 962, 964 (Fed. Cir. 2019).  Moreover, the Parties agree that, if the Federal Circuit were to review any contempt citation or sanctions award, the Federal Circuit would apply the law of the D.C. Circuit.  *See* ECF Nos. 39 at 6–7; 42 at 9–10.

### II.    **Nguyen's Contempt Citation is Expunged.**

A court can "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  Civil contempt for noncompliance has three elements: (1) a court order was in effect; (2) the order required certain conduct; and (3) the party subject to contempt failed to comply with the court's order.  *Commodity*

*Futures Trading Comm'n v. Wonsey*, No. 21-mc-13, 2021 WL 5881974, at \*1 (D.D.C. Dec. 9, 2021) (articulating the modern standard for contempt proceedings).  Civil contempt, however, is conditional.  By complying with the underlying court order, a party may purge itself of the contempt citation.  *See, e.g.*, *Turner v. Rogers*, 564 U.S. 431, 442 (2011) ("[O]nce a civil contemnor complies with the underlying order, he is purged of the contempt and is free."); *NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981) ("At the second stage the recalcitrant party is put on notice that unless it obeys the court's decree and purges itself of contempt it will be fined or face other sanctions."); *Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. NLRB*, 547 F.2d 575, 581 (D.C. Cir. 1976) ("[T]he purpose of a motion for civil contempt . . . 'is not to punish intentional misconduct, but rather to enforce compliance with an order of the court and to remedy any harm inflicted on one party by the other party's failure to comply.'") (quoting *Doe v. General Hospital*, 434 F.2d 427, 431 (D.C. Cir. 1970)).

Here, the Court held Nguyen in contempt for refusal to comply with the subpoena because there was no basis to quash it.  ECF No. 30 at 8–9.  Nguyen promptly complied with the Court's December 7, 2021, Order by sitting for her deposition on January 5, 2022.  ECF No. 42-2.  Because Nguyen does not currently meet the elements of contempt, the Court must expunge her contempt citation.  *Turner*, 564 U.S. at 442; *Wonsey*, 2021 WL 5881974, at \*1.

### III.    Fraunhofer is Not Entitled to Additional Sanctions.

As noted above, the Court already held Nguyen in civil contempt.  Fraunhofer appears to assume that it is entitled to additional sanctions because, in its view, the District Court permitted an award of nearly $200,000 in fees under Rule 37.  *See, e.g.*, ECF No. 39 at 4 (arguing that the District Court should "proceed to finalize" sanctions by awarding attorneys' fees and costs).  Fraunhofer is wrong.  In its Memorandum Opinion, the District Court ordered Nguyen to sit for her deposition and "*defer[ed] ruling* on sanctions until Fraunhofer submit[ted] documentation on

5

fees and costs." ECF No. 30 at 10 (emphasis added). That portion of the motion—both Fraunhofer's entitlement to sanctions and the amount, if any, of those sanctions—is what the District Court referred to this Court. *See id.*; ECF No. 44.

A close examination of the District Court's Order is necessary. The District Court clearly found no basis to quash the subpoena and ordered Nguyen to sit for her deposition. ECF No. 30 at 4–8, 10. To enforce its Order, the District Court held Nguyen in civil contempt under Rule 45(g), presumably until she complied with the subpoena. *Id.* at 8–9. Then, the District Court discussed what additional sanctions it *could* issue if Nguyen or her attorney further refused to comply with the subpoena and the Court's Order. *Id.* at 9. Relying on *Athridge v. Aetna Cas. and Sur. Co.*, the District Court explained that Rule 37 empowers the Court to issue sanctions against "a nonparty deponent or his attorney or both of them *who refuses to answer a question or questions at a deposition* whose answers have to thereafter be compelled." 184 F.R.D. 200, 208 (D.D.C. 1998) (emphasis added) (citing Fed. R. Civ. P. 37(a)(4)(A), the previous version of current Rule 37(a)(5)(A)).[2] This is the only rule the District Court cited in its discussion of sanctions.

At the time of the District Court's Order, of course, Nguyen had not yet appeared for her deposition. Therefore, the District Court could not have sanctioned Nguyen for refusing to answer questions at her deposition. Nor had Nguyen at that time refused to comply with the District Court's Order, requiring Fraunhofer to seek an order to compel. Because of this posture, the District Court's Order can only be interpreted as a warning to Nguyen to cooperate with the Order at her deposition for fear of being further sanctioned. This makes sense because, as *Athridge* noted, Rule 37 only permits compelling discovery from a nonparty and awarding attorneys' fees if that

---

[2]     Rule 37(a)(4)(A) became Rule 37(a)(5)(A) after the 2007 amendments to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37 advisory committee's note to 2007 amendment (discussing the general restyling of the Civil Rules).

nonparty "deponent fails to answer a question asked under Rule 30 or 31." *See* Fed. R. Civ. P. 37(a)(3)(B)(i), 37(a)(5)(A).  To read Rule 37 otherwise would "impute to the draftsmen a desire to deal indirectly in Rule 37 with a situation that Rule 45 deals with directly." *Athridge*, 184 F.R.D. at 208.  In other words, Rule 45 governs relief[3] for a nonparty's noncompliance with a subpoena whereas Rule 37 governs relief for a nonparty's noncompliance during a deposition. *See, e.g.*, *HT S.R.L. v. Velasco*, No. 15-mc-664, 2015 WL 13759884, at *6 (D.D.C. Nov. 13, 2015) (Rule 37 "does not govern attorneys' fees and costs associated with motions to compel for lack of compliance with a properly issued subpoena."); *In re Exxon Valdez*, 142 F.R.D. 380, 385 (D.D.C. 1992) ("[M]otions to compel production from non-parties are governed by Rule 45."); *In re Chodiev*, No. 18-mc-13, 2020 WL 9439389, at *4 (D.D.C. Aug. 11, 2020) (collecting cases that Rule 45 governs noncompliance with a subpoena).

The District Court's warning clearly worked, because Nguyen promptly appeared for her deposition and answered all questions without incident.[4]  Notwithstanding this, Fraunhofer still argues that Rule 37(a)(5)(A) "clearly mandates that sanctions are appropriate in the amount of"

---

[3]     *See, e.g.*, *Beverly v. Interior Elec. Inc. Nevada*, No. 21-55645, 2023 WL 355692, at *1 (9th Cir. Jan. 23, 2023); *NLRB v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007); *U.S. for the Use & Benefit of Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012); *Kona Spring Water Distributing, Ltd. v. World Triathlon Corp.*, No. 8:05-cv-119, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006); *Davis v. Speechworks Int'l, Inc.*, No. 03-cv-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005); *Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *4 (M.D. La. Mar. 10, 2008).

[4]     It is true that the District Court noted that it did not have any supporting documentation from Fraunhofer to determine the precise costs it had incurred in litigating the subpoena. ECF No. 30 at 9–10.  This does not mean that the District Court determined sanctions were appropriate at that time.  The District Court could have, but chose not to, find Fraunhofer entitled to attorneys' fees and then merely refer to this Court the question of *how much* to award Fraunhofer.  In any event, for the reasons stated above, the District Court's discussion of Rule 37 clearly meant to serve as a discussion of potential additional sanctions if Nguyen had chosen to resist the District Court's Order.

$180,249.12. ECF No. 39 at 7–8. In support of this argument, Fraunhofer cites two cases from the Federal Circuit and the Court of Federal Claims. *See Multiservice Joint Venture, LLC v. United States*, 374 Fed. Appx. 963, 964 (Fed. Cir. 2010); *Chevron U.S.A., Inc. v. United States*, 116 Fed. Cl. 202, 232 (Fed. Cl. 2014). But the discovery issues in both cases did *not* involve a nonparty's noncompliance with a subpoena. In fact, in *Multiservice Joint Venture, LLC*, the Federal Circuit affirmed sanctions under Rule 37 of the Court of Federal Claims, which mirrors Federal Civil Rule 37, for misconduct that occurred *during* a deposition. 374 Fed. Appx. at 964–65. As such, for the reasons already stated above, Rule 37(a)(5)(A) clearly does not authorize sanctions in this scenario.

Nor does the Court discern any other basis for awarding attorneys' fees. Rule 45 governs relief for a nonparty's noncompliance with a subpoena and, in any event, does not provide for attorneys' fees as a sanction. Indeed, Rule 45 only explicitly punishes a nonparty's failure to comply with civil contempt, and, significantly, "says nothing about whether the person resisting the *subpoena* can be made to pay the expenses of moving to compel his production if the Court ultimately overrules his resistance." *See, e.g.*, *Athridge*, 184 F.R.D. at 208 (subsequently awarding attorneys' fees under Rule 37(a)(3)(B)(i) only because the nonparty later attended a deposition and refused to answer questions); *In re Exxon Valdez*, 142 F.R.D. at 385 ("The only sanction provision in Rule 45 is the contempt provision . . . [t]hus, the Federal Rules provide no basis for awarding sanctions in this case."); *see also* Fed. R. Civ. P. 45(d)(1) (providing attorneys' fees only where a party or attorney responsible for issuing and serving a subpoena imposes an undue burden or expense on the person subject to the subpoena); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1173 (D.C. Cir. 1985) ("Rule 37(a)[(5)(A)] is not a general attorneys' fee award[ ] for violations of the Federal Rules of Civil Procedure.")

Notwithstanding the plain language of Rule 45, this Circuit has found that "in some circumstances a civil contempt sanction may be designed to compensate the complainant for losses sustained." *Cobell v. Norton*, 334 F.3d 1128, 1145 (D.C. Cir. 2003) (citation modified); *Food Lion, Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1017 n.14 (D.C. Cir. 1997) (noting that under Rule 45 a district court may be authorized to include legal fees specifically associated with the contempt).    Courts in this District rarely impose additional sanctions after the contemnor complied with the underlying order. *See, e.g.*, *Contempt Finding in U.S. v. Stevens*, 744 F. Supp. 2d 253, 255 (D.D.C. 2010) ("Because the purgation conditions were fulfilled, the Court does not believe that sanctions based on this civil contempt finding are necessary or appropriate in this instance."), *aff'd sub nom. In re Contempt Finding in U.S. v. Stevens*, 663 F.3d 1270 (D.C. Cir. 2011); *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 70, 76 (D.D.C. 2003) ("[A] court may order a civil contemnor to compensate the injured party for losses caused by the *violation of the court order . . . .*" (emphasis added).

For these reasons, Fraunhofer is not entitled to an award of attorneys' fees and costs. Even assuming, however, that Fraunhofer is correct that Rule 37(a)(5)(A) authorizes an award of fees against a nonparty deponent who complied with the Court's Order *and* answered all questions at her deposition, this Court finds that the circumstances here would make an award of attorneys' fees and costs unjust under Rule 37(a)(5)(A)(iii).  This was a straightforward discovery dispute that both parties unnecessarily escalated.  Setting aside the events that resulted in this matter landing in this District, Nguyen exercised her rights as a nonparty under Rule 45 and used the mechanism in that rule to seek to quash the subpoena.  Nguyen lost her motion, was held in contempt, and thereafter promptly complied with the subpoena.  In this regard, Rule 45 operated exactly as it should.  This is *not* a scenario in which Fraunhofer is entitled to an exorbitant

9

attorneys' fees award against a nonparty, and particularly not an award of nearly $200,000.[5]

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Nguyen's Motion to Expunge (ECF No. 42), **DENIES** Fraunhofer's Cross-Motion for Sanctions (ECF No. 14), and **DENIES AS MOOT** Fraunhofer's Motion to Expedite (ECF No. 46) and Motion to Transfer (ECF No. 14).  The Court will issue a separate order.

Date:   July 31, 2026

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

---

[5]     Fraunhofer went so far as to request fees for conduct unrelated to Nguyen's contemptuous conduct.  For example, Fraunhofer requested expenses for incorrectly compelling Nguyen's deposition in the District of Delaware.  *See* Fed. R. Civ. P. 37(a)(2).  In addition, Fraunhofer requested the fees and costs for Nguyen's deposition, which it would have incurred regardless of Nguyen's initial resistance.